15  302
64   59
15  302
69  370

## WHITE *against* WEBB.

In actions *ex delicto,* the non-joinder of a party plaintiff, who ought to join, can be taken advantage of, only by plea in abatement.

A second mortgagee in possession of mortgaged chattels, though the prior mortgage is unsatisfied and the legal title is in the first mortgagee, may maintain trespass or trover against a stranger, for the wrongful taking of such chattels.

In such action, the damages to be recovered, are not measured by the plaintiff's interest as mortgagee in the property—*i. e.* the value of it, after deduc-

ting the amount due on the prior mortgage— but he is entitled to recover the full value of the property, and interest from the time of the taking.

In an action by a bailee, or one having a special property, against the general owner, the plaintiff can recover the value of his special property only ; but if the suit is against a stranger, he is entitled to recover the value of the property and interest, and to hold the balance beyond his special property, in trust for the general owner.

This was an action brought to recover the value of certain articles of machinery used in a cotton factory. The declaration contained two counts ; one in trespass, the other in trover.

The cause was tried at *Brooklyn, January* term, 1842, before *Waite*, J.

The plaintiff claimed title to the property in question, by virtue of a mortgage deed thereof, executed to him and *R. H. Clark*, on the 19th of *March*, 1837, by *George Webb*, to secure to him, the plaintiff, the payment of 1000 dollars, and to secure to *Clark* the payment of a like sum. The plaintiff having produced the mortgage deed in evidence, with proof of its due execution, and of its being duly recorded, introduced further evidence to prove, that immediately after the execution of the mortgage deed, all the machinery mortgaged was delivered, by *Webb*, into the possession of the plaintiff and *Clark*, and was by them placed in the custody of *Justin Swift*, as their agent, to be by him sold for their use and benefit ; that *Swift* afterwards sold a part thereof, and retained the balance, until the 19th of *June*, 1838, when the property described in the declaration, being the balance of the machinery then in the hands of *Swift* unsold, was taken by the defendant, as a deputy-sheriff, as the property of *Webb*, by virtue of a writ of attachment against him in favour of *Tonnelle & Hall*. The defendant introduced evidence to prove, that he afterwards, as such deputy-sheriff, sold the property attached, upon the execution obtained in the suit of *Tonnelle & Hall*, and applied the avails in part satisfaction of such execution. It was proved, that the debt to *Clark* had been paid ; but it did not appear at what time.

The defendant denied, that the plaintiff had any title to the property in question, at the time of the commencement of his suit, and claimed, that it was owned by *Austin & Dunham ;* and in support of his claim, he offered in evidence a mortgage deed of the machinery mortgaged to the plaintiff

White
*v.*
Webb.

and *Clark,* duly executed and acknowledged, by *Webb,* on the 7th of *November,* 1835, and duly recorded. He also offered the testimony of *Dunham,* to prove, that one of the notes, to secure which this mortgage was executed, for the sum of 400 dollars and interest, still remained unpaid.

There was no evidence to prove, that *Austin & Dunham* had ever taken possession of the machinery, or had made any claim upon the defendant, for damages, by reason of his having taken it : nor was there any evidence to show, that they had ever authorized the plaintiff or *Clark* to take the machinery into their possession.

The plaintiff introduced the testimony of *Swift,* to prove, that after the commencement of this suit, *Dunham* called upon *Clark* and *Swift* to pay them the balance due upon the mortgage to *Austin & Dunham ;* and that *Clark* thereupon assumed one half thereof, and *Swift,* as the agent of the plaintiff, agreed to pay the remaining half.

Upon these facts, the defendant claimed, that the plaintiff was not entitled to recover, because the suit was brought in his name alone, and not in the name of the plaintiff and *Clark,* the mortgagees of *Webb ;* and because the legal title to the machinery was in *Austin & Dunham,* and not in the plaintiff. He further claimed, that if the plaintiff was entitled to recover, he could only recover the excess, if any, of the value of the machinery taken by the defendant, over the amount of *Dunham's* debt ; and prayed the court so to instruct the jury. The court did not give such instruction.

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial.

*Welch,* in support of the motion.

*Foster,* contra.

HINMAN, J. Three questions are presented upon the motion, for the consideration of the court. 1. Ought *Clark* to have been joined with the plaintiff in the suit ? 2. Admitting the legal title to the property to be in *Anstin & Dunham,* the first mortgagees, can the plaintiff maintain the action upon his possession, and the title acquired by his mortgage subsequent to *Austin & Dunham's* ? 3. Did the court err, in

omitting to charge the jury, on the question of damages, in conformity to the claim of the defendant?

The two first questions may be laid out of the case, as the defendant has, very properly, abandoned them, in the argument.

It is very clear, that even if *Clark* ought to have joined, the non-joinder of a party plaintiff, who ought to join in actions *ex delicto*, can only be taken advantage of, by plea in abatement. 1 *Chitt. Plead.* 53. *Addison* v. *Overend*, 6 *Term Rep.* 766. *Sedgworth* v. *Overend* & al. 7 *Term Rep.* 279. *Bradish* v. *Schenck*, 8 *Johns. Rep.* 151.

It is equally clear, that the instructions asked for on the second point, ought not to have been given. The plaintiff was in possession of the property;—he had an interest in it, acquired by his mortgage deed. He is, therefore, entitled to the possession, and to the property also, against all the world but the real owner. The defendant was a mere stranger; and surely, he cannot interfere with the plaintiff's possession, nor with his title.

The decision of the second point, which the defendant abandons, seems to us, to involve the principle which determines the only remaining question in the case—the question of damages.

But it is claimed by the defendant, and insisted upon in the argument, that though the plaintiff's possession is sufficient to enable him to sustain his suit; yet the damages must be measured by the isterest which the plaintiff has in the property; and, therefore, the amount of *Austin & Dunham's* mortgage ought to be deducted, and damages given, only for the excess of the value of the property over that incumbrance. In actions of trover and trespass, for property taken and converted by the defendant, where there is no malicious motive, on the part of the defendant, but he takes the property under a claim of right, and the real dispute is, as to the title; the rule of damages is the value of the property, at the time of the conversion or taking, and interest on that sum to the time of judgment. If, however, the suit is brought by a bailee or special-property man, against the general owner, then, the plaintiff can recover the value of his special property only; but, if the writ is against a stranger, then, he recovers the value of the property and interest, according to the gen-

eral rule; and holds the balance beyond his own interest, in trust for the general owner. *Kennedy* v. *Whitwell* & al. 4 *Pick.* 466. *Spoor* v. *Holland* & al. 8 *Wend.* 445. *Brizsee* & al. v. *Maybee,* 21 *Wend.* 144. *Ingersol* v. *Van Bokkelin,* 7 *Cowen* 670. 681. and note.

The application of these principles to the case under consideration, is obvious; and conclusively shows, that the rule contended for, by the defendant, is opposed to the principles of decided cases, as well as to the dictates of reason and common sense.

In the decision complained of, there is, therefore, no error; and no new trial should be granted.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

New trial not to be granted.