## COUNTY OF LINCOLN.

### LITTLE *versus* FOSSETT.

A bailee of personal property, injured while in his possession, may, in his own name, recover the amount of the injury in an action against the wrongdoer.

ON EXCEPTIONS from the *District Court*, RICE, J.

The plaintiff was riding with a wagon and harness, which he had hired of Dr. Clark. The defendant, in traveling with another carriage, negligently drove against the wagon, and thereby injured the wagon and the harness.

To recover for that injury, this action of trespass was brought by the bailee.

The defendant requested instruction to the jury, that if Dr. Clark owned the articles, and if the plaintiff had but a temporary possession, the plaintiff cannot recover for any permanent injury done to them.

This request was denied, and the jury were instructed that the plaintiff, by having the possession, was entitled to recover the entire damage done to the articles. The defendant excepted.

*Lowell*, for the defendant.

An action for the permanent injury is maintainable by the *owner.* 1 Chit. Pl. 8 Am. Ed., 61; *Davis* v. *Nash*, 32 Maine, 411; *Hingham* v. *Sprague*, 15 Pick. 102.

The remedy for the bailee is only for the injury done to his possession and to his special property.

If the bailee can recover for the whole injury he may deprive the general owner of all redress.

The doctrine, sometimes advanced, that the bailee, by being answerable over to the general owner, is entitled to recover the entire damage, is unsound. The bailee may be insolvent. Such a rule therefore defeats the just rights of the owner.

*Kennedy*, for the plaintiff.

APPLETON, J. — The law seems to be well settled that the

bailee of personal property may recover compensation for any conversion of or any injury to the article bailed while in his possession. The longer or shorter period of such bailment, the greater or lesser amount of compensation — and whether such amount is a matter of special contract or is a legal implication from the beneficial enjoyment of the loan, do not seem to affect the question. " The borrower has no special property in the thing loaned, though his possession is sufficient for him to protect it by an action of trespass against a wrongdoer." 2 Kent's Com. 574. " By the common law, in virtue of the bailment, the hirer acquires a special property in the thing during the continuance of the contract and for the purposes expressed or implied by it. Hence he may maintain an action for any tortious dispossession of it or any injury to it during the existence of his right." Story on Bailments, § 394. In *Croft & al.* v. *Alison*, 4 B. & A. 590, the Court held that the plaintiffs, who had hired the chariot injured, for the day, and had appointed the coachman and furnished the horses, might be deemed the owners and proprietors of the chariot, and as such might recover of the defendant for the injury it had sustained from his negligent driving. In *Nicols* v. *Bastard*, 2 Cromp. Mus. & Ros. 659, it was decided that, in case of a simple bailment of a chattel without reward, its value might be recovered in trover either by the bailor or bailee, if taken out of the bailee's possession.

The bailee is entitled to damages commensurate with the value of the property taken or the injury it may have sustained, except in a suit against the general owner, in which case his damages are limited to his special interest. If, say the Court, in *White* v. *Webb*, 15 Conn. 305, " the suit is brought by a bailee or special property man against the general owner, then the plaintiff can recover the value of ·his special property, but if the writ is against a stranger then he recovers the value of the property and interest according to the general rule, and holds the balance beyond his own interest, in trust for the general owner." This view of the law seems fully confirmed by the uniform current of author-

ity. *Lyle* v. *Barker,* 5 Bin. 457 ; *Ingersol* v. *Van Bokke-lin,* 7 Cow. 671 ; *Chesley* v. *St. Clair,* 1 N. H. 189 ; 2 Kent's Com. 585.

The instructions given were correct. The exceptions are overruled, and judgment is to be rendered on the verdict.

SHEPLEY, C. J., and TENNEY and HOWARD, J. J. concurred.