## THE JERSEY CITY.

### CORNELL STEAMBOAT CO. v. THE JERSEY CITY et al.

*(Circuit Court of Appeals, Second Circuit. July 20, 1892.)*

1. COLLISION—INJURY TO TOW—BAILOR AND BAILEE—SUBROGATION.

The owner of a tow which was injured by collision while in charge of a tug claimed damages from the tug owner. The latter, protesting that he was not liable and that the collision was without fault on the part of the tug, finally paid the demand, taking in return a paper releasing him from all liability, and in terms subrogating him to the right of the tow owner to recover from any person who might be liable for the damage. The tug owner then libeled the colliding vessel, setting up these facts, and alleging that by reason thereof he became subrogated to the rights of the tow owner. *Held*, that the question of subrogation was immaterial, for the tug owner was entitled, as bailee of the tow, to recover full damages, and the fact that he had previously paid the tow owner did not in any way affect his right of action.

2. SAME—FERRYBOAT AND TOW—CROSSING COURSES.

A tug, with several boats in tow alongside, came down the North river, rounded to, and lay about 350 feet from the New York piers, holding herself against the ebb tide, and waiting for the steamboat City of N., which was coming up astern, to pass inside of her. While so waiting, a ferryboat, bound from Jersey City to New York, attempted to pass between the tow and the City of N., and her paddle wheel struck the outside boat on the starboard side of the tug, causing it to sink. *Held*, that the ferryboat was liable for the damage. 44 Fed. Rep. 112, affirmed.

Appeal from the District Court of the United States for the Eastern District of New York.

In Admiralty. Libel by the Cornell Steamboat Company against the ferryboat Jersey City and others to recover damages for collision with a tow while in charge of a tug belonging to libelant. An exception to the libel was overruled. 43 Fed. Rep. 166. Afterwards a decree was rendered against the ferryboat, (44 Fed. Rep. 112,) and her owners appeal. Affirmed.

*Robert D. Benedict*, for appellant.

*Henry G. Ward*, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. We concur in the opinion of the learned district judge that the ferryboat was exclusively in fault for the collision with the tow. The only question upon this branch of the case is one of fact, viz., whether, when the ferryboat attempted to make her slip by passing between the tug and her tows and the steamboat City of Norwich, the tug allowed herself and tows to drop back with the tide, and thus intercept the course of the ferryboat. The weight of the evidence is decidedly against the contention for the ferryboat, and, were it not, we should not feel at liberty to disregard the conclusions of the district judge upon a question of fact, depending wholly upon the intelligence and credibility of the witnesses, when all the witnesses were examined in his presence.

The only question of law in the case which has been argued at the bar is whether the libelant became subrogated to the claim of the Delaware & Hudson Canal Company, the owner of the injured tow, against

the ferryboat for the damages. The libel states facts showing that, while the libelant's tug was towing a canal boat belonging to the Delaware & Hudson Canal Company, the ferryboat negligently, and without fault of the tug, collided with and injured the tow; and it further alleges that the libelant "paid for the damages to said boat, and thereby became subrogated to all the rights of the owner." The facts established by the evidence are that after the collision the owner of the tow insisted that the libelant should pay the damages occasioned thereby; that the libelant refused, insisting that it was under no legal obligation to do so, because the loss was inflicted without fault on the part of the tug; that subsequently, influenced by the desire to preserve cordiality in their general business relations, the libelant paid the damages to the owner of the tow; that several years thereafter the libelant asked the owner of the tow for an assignment of the latter's cause of action against the ferryboat, which was refused, on the ground that the claim had been paid, and there was nothing to assign, but that the latter consented to execute, and thereupon did execute, an instrument reciting that the libelant had paid the damages, and containing the following language:

"Now, therefore, the said Delaware & Hudson Canal Company hereby releases and forever discharges the said Cornell Steamboat Company, its successors and assigns, of and from all actions, causes of action, suits, controversies, claims, and demands whatsoever, by reason of the sinking of said canal boat, and hereby subrogates the said steamboat company in its place to recover from any person that may be liable therefor the damage sustained by said canal boat."

The question whether the libelant became subrogated to the claim of the Delaware & Hudson Canal Company does not affect the right of the libelant to recover. It has been unnecessarily introduced into the controversy. The libelant was a bailee of the property injured. Either the bailee or the bailor may maintain an action against a tort-feasor who injures the property while in the custody of the bailee, and recover the full damages; but a recovery of damages by one, and payment by the wrongdoer, will be a full satisfaction, and may be pleaded in bar at any subsequent suit by the other. _Thorp._ v. _Burling_, 11 Johns. 285; _Hoyt_ v. _Gelston_, 13 Johns. 141, 561; _White_ v. _Webb_, 15 Conn. 305; _Little_ v. _Fossett_, 34 Me. 545; _Stowell_ v. _Otis_, 71 N. Y. 36. If, say the court, in _White_ v. _Webb_, "the suit is brought by a bailee or special property man against the general owner, then the plaintiff can recover the value of his special property; but if the writ is against a stranger, then he recovers the value of the property and interest according to the general rule, and holds the balance beyond his own interest in trust for the general owner." The libelant could have recovered the damages occasioned by the tort of the ferryboat, without paying the owner of the tow. A subsequent payment, whether _ex gratia_ or under compulsion, could not prejudice the right of recovery. The decree should be affirmed, with costs of the district court and of this court.