## THE MERCEDES.

### THE BUENA VENTURA.

(District Court, S. D. New York. April 20, 1901.)

COLLISION—ACTION FOR DAMAGES TO TOW—MASTER OF TUG AS LIBELANT.

The master of a tug is a common-law bailee of a tow and her cargo which are in his charge with a lien thereon for the towage services rendered, and as such he is entitled to maintain an action against another vessel for a collision in which his tow and her cargo are lost, and in such action to recover their full value, holding the amount remaining, after deducting his own loss, in trust for the owner. In such case the owners of the tow and cargo may intervene as co-libelants, if they desire, or the respondent may bring in the tug, under admiralty rule 59, by petition showing her to have been in fault, in which case a substitution of the owners of the tow and cargo as libelants is the proper course.

In Admiralty. Suit for collision. On exceptions to libel.

Wheeler & Cortis, for libelant.

Peter S. Carter, for claimant.

BROWN, District Judge. The libel excepted to alleges that the tug Mercedes of which the libelant was master, had in tow alongside on the 1st day of April, 1901, a barge called the Sampson, and that while towing her in the harbor of New York in the usual channel towards Forty-First street, South Brooklyn, the barge was run into by the steamship Buena Ventura solely through the negligence and fault of the latter; that the barge and cargo were thereby totally lost, and

that the owners have sustained damages thereby to the amount of $9,000, for which judgment is asked. Exceptions to the libel are filed by the claimant of the Buena Ventura on the ground that the libelant as master does not state what interest he has in the barge or cargo, if any, or whether he is attorney for either.

Although a tug in the fulfillment of a towage contract, is not subject to the liability of a common carrier, but is responsible only for nautical skill and diligence, the master of the tug is in charge of the tow, and as such is a common-law bailee of the tow and her cargo with a lien for the services rendered. In the character of bailee he is entitled to maintain an action against a wrongdoer who destroys the property, and in such action to recover its whole value; and after deducting whatever may be his own loss under his contract for towage or other lawful charges, he will hold the residue in trust for the owner. The precise question arose in the case of The Jersey City, 2 C. C. A. 365, 51 Fed. 527, in which, upon appeal, the decree below was affirmed, without reference to any question of subrogation considered in the court below, upon the ground that the libelant, the Cornell Steamboat Company, as bailee, was entitled to maintain the action and to recover full damages for the loss of the tow. That decision is binding on this court. The general doctrine in this regard is reviewed more at length in Knight v. Carriage Co., 18 C. C. A. 287, 71 Fed. 662.

In Story, Bailm. § 94, the general rule is stated:

"That either the bailor or the bailee may, in such a case, maintain a suit for redress; and a recovery of damages by either of them will be a full satisfaction, and may be pleaded in bar of any subsequent suit by the other."

In admiralty practice the owners of the barge and cargo may, if they choose, at any time intervene as co-libelants for the protection of their interests, and on discharge of the master's claims, if any, take upon themselves the sole prosecution of the suit.

On the other hand, the claimant of the Buena Ventura upon petition under the fifty-ninth rule, showing that the Mercedes was in fault, might bring the latter vessel into the suit as co-defendant, and in that case a substitution of the owner of the tow and cargo as libelant would be the proper course. The Beaconsfield, 158 U. S. 303, 309, 310, 15 Sup. Ct. 860, 39 L. Ed. 993. If no fault of the Mercedes should be claimed by the Buena Ventura, it is a matter of indifference to her owners whether the libel is by the master or by the owner of the tug and tow, since in no event could more than one satisfaction be had.

The other exceptions to the libel are plainly insufficient. Exceptions overruled.