SMITH v. YELLOW PINE CO.

(Circuit Court of Appeals, Second Circuit. February 25, 1902.)

No. 92.

REMOVAL OF VESSEL FROM WHARF—LIABILITY FOR INJURY.

A company at whose wharf a vessel is unloading cargo for it is liable for injury to her, through its superintendent, acting within the sphere of his authority, removing her, without knowledge of her owner, who was in command of her, to a place which her owner had told him was unsafe.

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 108 Fed. 881.

Otto Hess, for appellant.

Martin A. Ryan, for appellee.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

PER CURIAM. The court below found, in substance, that the libelant's steam canal boat was moved from the end of the wharf of the Yellow Pine Company, where she was unloading cargo for that company, into the adjoining slip by the orders of the company's superintendent, the libelant who was in command of the boat being temporarily absent; that the libelant had previously been requested by the superintendent to move the vessel into the slip, but, having sounded the bottom and found it uneven and unsafe for his boat, so informed the superintendent, and refused to consent to have her moved there; that the vessel was moved at high water, and was strained and damaged when the water receded by grounding amidships with her stern afloat. These findings of fact, made upon conflicting testimony quite evenly balanced, and its weight depending upon the credibility of witnesses who were examined in the presence of the district judge, should not be disturbed by this court (The Jersey City, 2 C. C. A. 365, 51 Fed. 527; The City of New York, 4 C. C. A. 268, 54 Fed. 181), and are decisive of the case. The superintendent, having assumed upon his own responsibility to remove the boat to a place which her owner had told him was unsafe, acted at his own risk, and, as his act was within the sphere of his authority, the company became liable for its legitimate consequences. Different considerations would arise if the libelant had been present when the boat was moved, but as the grounding, as well as the removal, took place before he had returned to the dock, he was in no respect guilty of contributory fault.

The decree is affirmed, with interest and costs.