## COLUMBIA BANK v. AMERICAN SURETY CO.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

1. CHATTEL MORTGAGES—POSSESSION BY MORTGAGEE—SEIZURE OF GOODS—CONVERSION.
    Plaintiff and the N. bank, being creditors of a mortgagor, were each given chattel mortgages on the debtor's stock of goods on the same day to secure notes, payable on demand, for the indebtedness of each. Both mortgages were immediately recorded, but possession was first taken under the mortgage to the N. Bank, after which, on the same day, plaintiff's representative demanded possession; and thereafter the representatives of both banks continued in joint possession of the goods, which were sufficient to satisfy both mortgages, until the goods were seized by the sheriff under attachments. *Held*, that the possession of plaintiff was sufficient to entitle it to maintain an action for conversion against the sheriff.
    Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by the Columbia Bank against the American Surety Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Stillman F. Kneeland, for appellant.

Julius J. Frank, for respondent.

McLAUGHLIN, J.   This action was brought to recover damages for the conversion of certain goods by the sheriff of the county of New York under warrants of attachment issued against the property of J. Healy & Co. The surety company, having indemnified the sheriff, was substituted as defendant, and took the appeal.

There is no dispute as to the facts involved, which, so far as material, are as follows: On the 18th of May, 1898, the firm of J. Healy & Co. was indebted to the New York County National Bank on a promissory note for $2,500, and also to the plaintiff in this action on a promissory note for $3,500, neither of which was due. This firm, finding itself on that day financially embarrassed, delivered to each of the banks, in exchange for the note held by it, one for a like amount, payable on demand, together with a chattel mortgage to secure the payment thereof. The plaintiff, at the time the exchange was made with it, was informed that the firm was financially embarrassed; that it desired to protect the two banks above named, for which reason the chattel mortgage in question had been made; that one of the partners had gone to the New York County National Bank to make the exchange with it; and the plaintiff was requested to have its mortgage filed in the register's office. Acting upon this request, the president of the plaintiff took its chattel mortgage to the register's office and filed it, and when he did so he knew that the mortgage given to the New York County National Bank had previously been filed. Thereafter, and in the forenoon of the same day, a demand was made upon the firm of Healy & Co. for payment of the demand note, which was refused, and thereupon plaintiff proceeded to take possession of the property covered by its chattel mortgage. Prior to the time such proceedings were taken upon its part, the New York County National Bank had demanded payment of its note, and, the same having been refused, it, through the marshal, had proceeded to take possession under the chattel mortgages given to it; and, when the plaintiff went to take possession, it found the marshal in possession of the property covered by both of such mortgages. Notwithstanding this fact, the plaintiff, through its representative (one Fox), announced that he took possession of the property under the chattel mortgage given to the plaintiff; and such representative, or the marshal, acting in behalf of the New York County National Bank and the plaintiff, remained in possession until the sheriff took possession, as hereinafter stated. The plaintiff's representative, immediately upon attempting to take possession, announced to the firm what he had done, and thereupon proceeded to close the store, by putting up the shutters, locking the doors, and directing that the employés of the firm leave the building,

which they did, then or shortly thereafter. After the store had been thus closed, the representative of the plaintiff and a representative of the New York County National Bank, acting in connection with a representative of the marshal, proceeded to take an inventory of the property covered by the mortgages; and while doing so, and on the following day, all of such property was seized by the sheriff under warrants of attachment. Subsequently an action was brought by each of the banks against the sheriff to recover damages for conversion of the property taken. The New York County National Bank had a recovery for the amount of the note held by it, together with interest thereon and costs, which was affirmed by this court (69 App. Div. 153, 74 N. Y. Supp. 692) and by the Court of Appeals (174 N. Y. ——, 67 N. E. ——). The plaintiff also had a recovery for the amount of its note and interest, and it is from this judgment that the present appeal is taken.

That the act of the plaintiff in surrendering the unsecured note in exchange for the demand note and chattel mortgage did not impair the security given, upon the facts stated, was settled and determined on the appeal from the judgment recovered by the New York County National Bank against the American Surety Company, supra; nor is any question raised but what the property seized was equal to or exceeded the amount of the recovery in both actions. It is urged, however, by the appellant, that the judgment here appealed from is erroneous, and must be reversed, because it does not appear that the plaintiff either had or was entitled to the possession of the property seized by the sheriff at the time such seizure was made. It is undoubtedly the law that the plaintiff cannot maintain the action unless it then or at the commencement of the action had or was entitled to the possession of the property covered by its mortgage, but we think that such fact here appears, at least to the extent of enabling it to maintain an action for conversion against any one who wrongfully took the property from it. Both mortgages were given on the same day, and while, in point of time, the one given to the New York County National Bank was filed, and steps taken to reduce the property covered by it to possession, prior to the one given to the plaintiff, it nevertheless appears that it was the intent of the mortgagor that both banks should be protected—there being sufficient property for that purpose; and this fact seems to have been recognized by both of the banks, inasmuch as the act of the plaintiff in attempting to take possession was in no way opposed by the New York County National Bank. On the contrary, it acted in concert with the plaintiff in taking possession. But if it be conceded that the New York County National Bank actually took possession of all of the property prior to plaintiff's taking possession—the value being more than sufficient to satisfy its claim—then we are of the opinion that what the plaintiff did with reference to obtaining possession was sufficient to enable it to maintain an action against any one, other than the New York County National Bank, who wrongfully took the property from it; in other words, that it brought itself within the general rule that a second mortgagee of personal property in possession may maintain an action against a third party for conversion. 5 Am. & Eng. Enc. of Law (2d Ed.) 1014;

2 Cobbey on Chattel Mortgages, § 1043; White v. Webb, 15 Conn. 302.

If we are correct in this conclusion, then it follows—each of the parties having moved for the direction of a verdict—that the court did not err in directing a verdict for the plaintiff. The judgment and order appealed from, therefore, must be affirmed, with costs.

PATTERSON and O'BRIEN, JJ., concur.

LAUGHLIN, J. (dissenting). On account of the default in the payment of its mortgage debt, the legal title to the property had vested in the New York County National Bank, and it had taken possession thereof. The marshal who held possession for it had no authority to admit the plaintiff to joint possession, and it does not appear that he assumed to do so. The only right of the mortgagor was a right of redemption, and such right doubtless vested in the plaintiff, as the second mortgagee. The plaintiff undoubtedly has a cause of action against the sheriff for destroying this right of redemption, but that is not the theory upon which this action is brought. The plaintiff seeks to recover here upon the ground that it was the owner and in possession of the property. Manifestly it was not the owner, and I think it clearly appears that it had no legal possession. I therefore dissent, and am of opinion that the judgment should be reversed.