## THE W. C. BLOCK.

### THE WILSON P. FOSS.

### No. 8945.

District Court, E. D. New York.

Nov. 27, 1933.

See, also, 41 F.(2d) 834.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine and Henry P. Elliott, both of New York City, of counsel), for claimant.

BYERS, District Judge.

Hearing on exceptions to commissioner's report fixing damages. The libellant sued as owner of the barge "W. C. Block" and bailee of the cargo laden thereon, and on behalf of the bargee whose personal effects were lost as the result of her sinking.

█ The interlocutory decree awarded to the libellant having been affirmed, the commissioner proceeded to his duties, and his report is assailed, not as to the amount of damages, but because the claimant professes to be aggrieved because the title to the cargo was in the vendee instead of the vendor who paid the loss.

Manifestly such an objection can be based only on the theory that satisfaction of the decree herein would not be a defense if a later claim were to be made by the vendee.

From the facts shown in the record, that is not a practical possibility, but, if it were, the claimant would not be entitled to sustain its exceptions.

In The Nonpariel (D. C.) 149 F. 521, the carrier sued to recover damages resulting from a collision in the Erie Canal of the Nonpariel with a submerged structure supporting the New York Central Railroad bridge across the Canal; the carrying vessel sank, and her cargo was extensively damaged.

Among other things, it was urged that the libellant could not maintain the action because the damages to the cargo had been paid by the insurers thereof, and, in discussing that aspect of the case, the Court said, at page 525:

"It is uniformly held that in a contract of affreightment, such as considered here, the party undertaking the carriage of merchandise or its transportation by water from one point to another is a bailee and·has a special property therein, and on account of his interest in the property carried may bring an action against a wrongdoer to recover damages for its destruction or spoliation. Another action by the cargo owner or insurer to recover for the loss is not permitted, where the damage has been satisfied or the wrongdoer has been released from liability. Payment by the tort-feasor to the libelant of the damages sustained by reason of the injury would be an effectual bar to any further recovery arising out of the same cause of action, either by the cargo owner or the insurer."

The opinion closes with the statement that the evidence established payment by the libellant to the cargo owners in the full sum of their damages, and recovery with interest was allowed for that sum.

In The Jersey City, 51 F. 527, 528, the Circuit Court of Appeals for this Circuit affirmed a decree of the District Court in a case in which the libel filed on behalf of the tug which was towing a canal boat sought recovery for collision damages, and in the libel it was alleged that the libellant "paid for the damages to said boat, and thereby became subrogated to all the rights of the owner." The owner of the canal boat was not the owner of the tug. The proof showed that the latter collected damages from the owner of the tug, which were paid not in recognition of a legal duty because there was no fault on the part of the tug, but in order to preserve good business relations with the canal boat owner. The facts in this connection are held to have been without legal bearing upon the right of the libellant to recover. The language of the Court on this subject is as follows, at page 528:

"The question whether the libelant became subrogated to the claim of the Delaware & Hudson Canal Company does not affect the right of the libelant to recover. It has been unnecessarily introduced into the controversy. The libelant was a bailee of the property injured. Either the bailee or the bailor may maintain an action against a tort-feasor who injures the property while in the custody of the bailee, and recover the full damages; but a recovery of damages by one, and payment by the wrongdoer, will be a full satisfaction, and may be pleaded in bar at any subsequent suit· by the other. Thorp v. Burling, 11 Johns. [N. Y.] 285; Hoyt v. Gelston, 13 Johns. [N. Y.] 141, 561; White v. Webb, 15 Conn. 305; Little v. Fossett, 34 Me. 545 [56 Am. Dec. 671]; Stowell v. Otis, 71 N. Y. 36."

See, also, Hardman v. Brett (C. C.) 37 F. 803, at 804, 805, 2 L. R. A. 173; The Mercedes (D. C.) 108 F. 559; The Beaconsfield, 158 U. S. 303, at page 307, 15 S. Ct. 860, 39 L. Ed. 993.

It is true that in none of the foregoing cases was the precise point raised which is now urged by the claimant, but it is thought that the general rule concerning the right of the bailee to maintain the cause is not thereby impaired.

The question litigated is where responsibility lies for the loss of the cargo, and, once that has been fixed, it does not seem to lie with the unsuccessful party to seek to bring into the case the question of whether the libellant is required to pay over the damages which have been assessed to the shipper of the cargo or the consignee. It is suggested by the libellant that any such rule as the claimant contends for would introduce into the trial of such causes as this an irrelevant issue, and this seems to be true. So long as the party who is found to have been responsible for the damage is protected in one litigation by paying the damages which are assessed against him, it is difficult to see why the language above quoted from The Jersey City does not meet the situation completely.

Exceptions overruled. Settle decree.