## THE W. C. BLOCK.
## THE WILSON P. FOSS.
### No. 447.

Circuit Court of Appeals, Second Circuit.
June 25, 1934.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine and Henry P. Elliott, both of New York City, of counsel), for appellant.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The libelant sued as owner of the barge, as bailee of a cargo of 512.9 tons of coal loaded upon her, and as representative of the bargee whose personal effects, together with the cargo, were lost when she sank. The responsibility of the claimant's tug for causing the sinking was established upon an appeal from the interlocutory decree. The W. C. Block (D. C.) 41 F.(2d) 834, affirmed without opinion in 45 F.(2d) 1023 (C. C. A. 2). Thereafter proof of damages was made before a commissioner and a final decree was entered, confirming the commissioner's report and awarding the libelant damages, which include an item of $3,843.38, with interest from February 4, 1926, for loss of the coal. From that decree this appeal is prosecuted. It challenges only the aforesaid item for loss of the cargo.

The coal for which recovery has been allowed the libelant was sold by Sidford & Greene, a corporation, to a buyer named McNulty, at $7.50 per ton. Under the terms of the contract of sale delivery was complete upon arrival of the barge at the dock at Ninety-Sixth street, East River, on January 26, 1926. It is not disputed that title passed to the buyer and that the coal was his on February 4th, when the barge and her cargo were sunk while still lying at the dock. Thereafter the buyer sent his check to the seller for the contract price of the coal, $3,843.38, but, instead

of accepting the check in payment therefor, the seller gave the buyer credit for it and delivered a second cargo of coal to replace the lost cargo. The seller also presented a claim for the lost cargo to its insurer, who paid the seller's claim without investigation as to ownership of the coal at the time it was lost. Upon these undisputed facts, the claimant contends that the libelant, in so far as he seeks recovery as bailee of the cargo, is really maintaining the suit for the benefit of the seller's insurer. An offer of evidence for the purpose of making direct proof of such fact was excluded.

It may be conceded that the seller, since title and risk of loss had passed to the buyer before the cargo was lost, had no cause of action against the tug or its claimant [see Transmarine Corp. v. Charles H. Levitt & Co., 25 F.(2d) 275, 278 (C. C. A. 2)]; and the seller's insurer, having paid a loss not covered by its policy (Perryman Burns Coal Co. v. Northwestern, etc., Ins. Co., 130 Misc. 396, 223 N. Y. S. 559), would stand no better. But these considerations were properly held by the District Court to be matters of no moment in a suit by the bailee. For centuries it has been the settled rule, both at common law and in the admiralty, that either the bailor (in the present case, the buyer, McNulty) or the bailee (the libelant) might sue the tort-feasor for destruction of the bailed goods. The Beaconsfield, 158 U. S. 303, 15 S. Ct. 860, 39 L. Ed. 993; Pendleton v. Benner Line, 246 U. S. 353, 354, 38 S. Ct. 330, 62 L. Ed. 770; The Winkfield, 1902 L. R. Prob. 42; Holmes, The Common Law, 167 et seq.; Pollock & Maitland, History of English Law, vol. 2, p. 169 et seq. It seems probable that any defense which the tort-feasor might successfully make in a suit by the former would be equally good in a suit by the latter. See United States v. Atlantic Coast Line R. Co., 206 F. 190, 201 (D. C. E. D. N. C.), and cases therein cited. But, however that may be, the fact that the seller of the coal had voluntarily given the bailor a second cargo would no more be a defense to a suit to recover from the tort-feasor for the lost cargo than would payment to the bailor by insurers of the cargo. See The Nonpariel, 149 F. 521, 525 (D. C. W. D. N. Y.). Nor is the tort-feasor concerned in whether the bailee will account to the proper party in respect to the damages collected, for payment to the bailee will bar any subsequent suit by the bailor. The Jersey City, 51 F. 527, 528 (C. C. A. 2); The Mercedes, 108 F. 559, 560 (D. C. S. D. N. Y.); Hardman v. Brett, 37

F. 803, 805, 2 L. R. A. 173 (C. C. S. D. N. Y.); The Nonpariel, supra.

Concededly the damages recoverable are the value of the coal on the day it was sunk, and the appellant contends that only the purchase price at an earlier date was proved. But Mr. Sidford testified in response to a direct question (fol. 63) that $7.50 per ton was the market value on the date in question. This was not contradicted.

Decree affirmed.