**THE MV BULL CALF et al.**

**THE CGR-1800.**

No. 4453.

District Court, E. D. Missouri, E. D.

June 19, 1946.

1020

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (A. Bertram Elam, of St. Louis, Mo., and Thomas F. McGovern, of Washington, D. C., of counsel), for libelant.

Carpenter & Cleary, and Byron G. Carpenter, all of St. Louis, Mo., for claimant-respondent.

HULEN, District Judge.

The United States as libelant initiated this proceeding in rem against The MV Bull Calf, a motor tug boat, and in personam against Canal Barge Company, Inc., to collect $10,000 damages, resulting from the sinking of the CGR 1800, a motor launch. The Barge Company excepts to the libel on the grounds (1) it fails to state a cause of action and (2) it is not verified.

The libel is filed on behalf of the United States, the owner of the CGR 1800, its officers and crew. . It is stated that Julius L. Lage is the owner of the CGR 1800, but it was operated by the U. S. Coast Guard under the Coast Guard Auxiliary and Reserve Act of 1941, as amended, Title 14 U.S.C.A. § 266; that the MV Bull Calf was owned and operated by respondent; that on March 20, 1943, the MV Bull Calf rammed the CGR 1800, causing a total loss of the CGR 1800, which loss it is charged by thirteen specific assignments was caused solely by negligence of the MV Bull Calf and her crew. Damages of $10,000 are claimed.

By brief, respondent urges the libel does not state sufficient facts to show a right of action in the United States, it being respondent's position that under the terms of the Coast Guard Auxiliary and Reserve Act, the CGR 1800, being subject to use by the Government, "is immune from judicial process," but that the Government is not responsible for damages to the vessel other than caused by the Government's act or negligence.

■ Section 266 of the Coast Auxiliary and Reserve Act provides that "any motorboat * * * while assigned to Coast Guard duty as herein authorized, shall be deemed to be a public vessel of the United States * * *." The interest of the Government in the CGR 1800 will support the libel action resulting from its destruction. "The personality of a public vessel is merged in that of the sovereign." See United States v. Jardine, 5 Cir., 81 F.2d 745, 746. Manifestly the right of possession at least was in the libelant and the right of action for destruction of a vessel follows its possession. In the Nichiyo Maru, 4 Cir., 89 F.2d 539, loc. cit. 544, the Court quotes from National Interocean Co. v. Emmons, D.C., 270 F. 997, as follows: "The final test, of course, is in whom was the right of property or right of possession where the cause of action concerns property. The judgment must be rendered in favor of the one who has the right of action, and can only be so rendered when he is a party to the proceedings; but he is in admiralty deemed to be a party to the proceedings, if they be brought by some one who is asserting such right of action on his behalf, whether the assertion be as agent or not."

Respondent directs attention to the language of the act making the Government responsible only for the repair of any damaged motorboat, yacht, etc., and for the constructive or actual loss of any motorboat, yacht, etc., where it is determined under applicable regulations that responsibility for the loss or damage necessitating such replacement or repair rests with the Coast Guard, 14 U.S.C.A. § 267, and argues that the regulations do not make the libelant responsible for loss of the CGR 1800 under the circumstances set forth in the libel. Even if the Court were to adopt respondent's interpretation of the regulations, we could not agree with its conclusion. The Government had a responsibility to the owner of the boat which was destroyed while in the Government's possession through no fault of the owner. That the regulations might limit the extent of the Government's responsibility to the owner does not deprive the Government of its right to proceed against the wrongdoer for the full amount of the loss sustained through the wrongdoer's negligence. See United States v. Atlantic Coast Line R. Co., D.C., 206 F. 190, loc. cit. 201. Nor can we agree with respondent that under the allegations of the libel the Government should not recover as a bailee. The libel alleges the property was owned by Julius L. Lage and at the time of the loss it was in the exclusive use and possession of the Government, to be returned to the owner under the terms and conditions of the Coast Guard Auxiliary and Reserve Act. "The term 'bailment' denotes the possession of a chattel, rightful as between the parties to the bailment, by one not its owner." See Restatement of the Law, Security, page 10; 6 C.J. p. 1084, Bailments. The libelant was a bailee of the property destroyed. Either the bailee or the owner may maintain an action against a tort-feasor who injures the property while in the possession of the bailee and collect the full damages, but a recovery of damages by one and payment by the wrongdoer precludes an action by the other against the wrongdoer. See The Jersey City, 2 Cir., 51 F. 527, 528. For centuries this has been the settled rule, both at common law and in admiralty. See W. C. Block, 2 Cir., 71 F.2d 682. Respondent declares that if this action were brought by the real party in interest "many defenses would be available to us which we do not have with the United States as party libelant. We believe we have a good defense on the merits of this action." Respondent does not amplify this assertion, and we are unable to find a basis for respondent's position. Any defense which respondent might successfully make in a suit brought by the owner would be equally good in the present action, and the fact that the United States is libelant does not mitigate respondent's right in this respect. See United States v. Atlantic Coast Line R. Co., supra. That the Government as libelant is not required to post indemnity bond is not a matter of defense but of procedure, and this characteristic of the present proceeding cannot be urged by respondent as a destruction of the substantive rights of the respondent.

Finally, it is urged that since the United States has made a payment to the owner of the vessel destroyed, the libel should state the amount of the payment and whether the owner has been fully compensated, such payments having been made in whole or part from insurance carried on the lost vessel. These are matters which do not appear on the face of the libel. The point is without merit. That some payment may have been made to the owner or that the Government may have collected insurance on the loss, are no concern to respondent in this case. The Government sues in its own behalf and on behalf of the officers and crew of the CGR 1800 as well as its owner, and any recovery in this case will be satisfaction in full of any claims of any of the parties in whose behalf the libel is prosecuted. In re The Jersey City, supra; The Mercedes, D.C., 108 F. 559. The respondent cannot defend itself by setting up the equities of others to the proceeds of the recovery unless it can show that it has made satisfaction to the parties justly entitled to receive the damages. See The Nichiyo Maru, supra. In The Propeller Monticello, 17 How. 152, 15 L.Ed. 68, the Court said: "The respondent is not presumed to know, or bound to inquire, as to the relative equities of parties claiming the damages. He is bound to

make satisfaction for the injury he has done. When he has once made it to the injured party, he cannot be made liable to another suit, at the instance of any merely equitable claimant. * * * But with all this (equitable interest in the recovery) the respondent has no concern. * * *"

A libel in rem filed by the United States requires no verification under the Admiralty Rules. See United States v. 935 Cases, etc., Tomato Puree, 6 Cir., 136 F.2d 523. We conclude respondent should answer the libel.

### Order

Exceptions to the libel of claimant-respondent Canal Barge Company, Inc., are overruled. Defendants' answer due in accordance with the Admiralty Rules.