Tomasello, J.
In an action of tort in which the plaintiff seeks to recover, following a collision, for property damage to the plaintiff’s motor vehicle, there was evidence that one James P. Bracken had purchased the motor vehicle operated by him at the time of the accident from the West Newton Motor Mart, Inc., and executed a conditional sales contract which was assigned to the plaintiff. There was further evidence that said Bracken notified the plaintiff corporation of the accident about one week after it had occurred ; that he went to the office of the plaintiff corporation to speak to the man in charge of the office; that he told “some man” there that he was going to sue the defendant for personal injuries and property damage; that he was told by the man in the office that they were not going to sue the defendant because they felt that on the facts of the accident there was no claim. Following this incident the said Bracken made a claim for personal injuries and property *74 damage against the defendant claiming to be owner of the motor vehicle. As a result of said claim the representative of the defendant paid him a sum of money by draft and he thereupon executed a general release of all claims for personal injuries and property damage. The release recited the consideration therefor to be the sum of $250.00. The draft indicating payment and introduced in evidence was as follows:
No. K —19804
Great American Indemnity Company Boston, Mass.
March 26, 1942.
Pay To The
Order of J. J. Herman, Atty, and James P. Bracken .................................$250.00
—Exactly Two Hundred Fifty Dollars and No Cents— in full settlement of any and all claims in the undermentioned case.
2-M-74429 Metropolitan Ice Company — James P. Bracken $225. P.I.
2-M-74430 Metropolitan Ice Company — James P. Bracken $25. P.D.
Subsequent to this settlement the plaintiff repossessed the motor vehicle and brought suit. At the trial of his action it was agreed by the defendant and the plaintiff that an estimate of the cost of repairs for the damage to the plaintiff’s motor vehicle was in the sum of $259.10, and the trial judge found for the plaintiff in the said amount of $259.10. At no time did the defendant have knowledge of the existence of the conditional sale agreement, nor was it notified of the relationship of said Bracken and the plaintiff as conditional vendor and vendee by assignment. Since the defendant in his brief states, “the sole question to be decided in this case is whether upon all the evidence the . release executed by the conditional vendee, James P.
*75 Bracken, is a bar to the present action of the conditional vendor’s assignee,” all other considerations of the case may be deemed to be waived; nor need we consider the question of whether some man” with whom said Bracken spoke at the office of the plaintiff corporation was duly authorized to bind the plaintiff by the operation of a quasi-estoppel or otherwise, since the general finding of the trial judge imports the inclusion of all subsidiary findings of fact necessary for the trial judge to have reached his decision. Ferreira v. Zaccolanti, 281 Mass. 91, 92; Dillon v. Framingham, 288 Mass. 511, 513. The recent ease of Associates Discount Corporation v. Gillineau et al. Vol. 12 Massachusetts Appellate Division Reports No. 6, p. 173, decided by this court has held that the recovery by a bailee in a prior action is a bar to a subsequent suit by the bailor for the same damages. Although we agree with the decision in that case, the facts in the instant case differ in a degree from those in the action, supra, already decided. The question presented here is whether a partial settlement with the bailee of the agreed property damage constitutes a bar to the bailor’s right of recovery. For centuries it has been the settled rule at common law that either the bailor or the bailee
might sue the tort feasor for destruction of the bailed goods. The W. C. Block, 71 Fed. (2nd.) 682, 683. This right of the bailor to maintain his own action against a third party for damages to the article bailed is well established, and is not inferior or subordinate to the right of the bailee to sue, under our present law. Belli v. Forsyth, 301 Mass. 203. However, it appears to be the law in some jurisdictions by decisions, and in Massachusetts by implication, that a recovery in an action by either the bailee or bailor for damages to the bailed property maintainable by either, is a bar to the action by the other. Corcoran v. Huntington Lumber Co., 206 N. Y. Sup. 752; affirmed 211 App. Div. (N. Y.) 803; *76 Associates Discount Corp. v. Gillineau, supra, and cases cited; Am. Law Inst. Restatement: Torts §§ 249, 250; The W. C. Block, 71 Fed. (2nd.) 682, 683; The Jersey City, 51 Fed. 527, 528; The Mercedes, 108 Fed. 559, 560; Hardman v. Brett, 37 Fed. 803, 805.
It also follows that a settlement or release in full satisfaction by either the bailee or bailor for the damage suffered to the bailed property likewise bars recovery by the other, Chicago R. I. & P. Ry. Co. v. Earl, 181 S. W. (Ark.) 925; and this conclusion is based upon the implied authority of a bailee to act for the bailor. Harris v. Seaboard Air Line Ry., 190 N. C. 480. It would appear, however, that since the bailee generally must return the bailed property in as good a condition as it was in when received, necessary wear and tear excepted, unless injured without his fault, and must pay the agreed compensation, Kennedy v. B. A. Gardetto, Inc., 306 Mass. 212, the tort feasor should be required to fully satisfy the wrong done so as to place the bailee in a position to fully reimburse the bailor.
In those actions where an adjudication has been made of the amount of damage suffered there is an implication that full restitution has been made by the wrongdoer. Where a partial settlement takes place there can be no such implication. In W. C. Block, 71 Fed. (2nd) 682, supra, damages were assessed by a commissioner for the full value of the coal lost. In Harris v. Seaboard Air Line Ry. Co., 190 N. C. 480, supra, the settlement was for the sum of $250; the bailor sought to recover the sum of $250; and it was conceded that the amount of damage was $250. Associates Discount Corp. v. Gillineau, supra. In Belli v. Forsyth, 301 Mass. 203, 206, Justice Qua stated: “We do not undertake to forecast what we would decide if the bailees had actually claimed and secured satisfaction with or without judgment, for the full amount of the damage. ’ ’ The court in The Jersey City, 51 Fed. 527, 528, speaks in the following terms: *77 “Either the bailee or the bailor may maintain an action against a tort feasor who injures the property and recover full damages.” Also in Caswell v. Howard, 16 Pickering 562, it was decided that a bailee who is answerable over to the bailor for safekeeping is entitled to recover against a stranger the full value of the property bailed.
The decisions already enumerated and others treat with the subject of satisfaction for damage done upon a basis of full restitution, and the tendency of our law is that a tort feasor is under obligation to reimburse the injured party to the full amount of the actual damage done and for no more, it being illogical to assume that the bailee has implied authority to settle for less than the full extent of the damage. This conclusion of the rights of the parties is both just and equitable in that the tort feasor fulfills his obligation to completely compensate for the wrong done. Under this reasoning neither the party injured nor the tort feasor profits at the expense of the other. Thus, that injured parties may not be enriched and a tort feasor suffer doubly, the courts have declared a covenant not to sue as competent in the reduction of any damages recoverable by a party against a joint tort feasor for the same injuries. O’Neil v. National Oil Co., 231 Mass. 20, 28, 29; Solomon v. Dabrowski, 295 Mass. 358. The rule is well stated in Am. Law. Inst. Restatement of Torts, § 250 (C); “The satisfaction of a judgment, a settlement or release of the actor by a person entitled to the future possession of the chattel, while it does not bar a recovery by the person entitled to the immediate possession, may be offered in mitigation of the damages to such person. ’ ’ It would appear that the sound application of the law would be to obviate the requirement of the bailor to assume the arduous and difficult burden of proving that a partial release or settlement by a bailee has been procured through fraud or collusion as against a *78 wrongdoer, and to permit the release or settlement to be used in mitigation of the damages incurred.
The parties in this action have agreed that an estimate of the cost of repairs for the damage to the plaintiff’s motor vehicle in the amount of $259.10 might be admitted in evidence. The draft made a part of the evidence and which resulted from the settlement recites $25 P, D. It could be found that the amount paid for the settlement of the property damage was $25, but this is not conclusive. Nelson’s Express & Warehouse Co., Inc., v. Alexander Grant & Sons, Inc., 320 Mass. 317. If this latter amount constituted a partial satisfaction of the full extent of the property damage the bailor would have been entitled to recover in an amount sufficient to make him whole, taking into consideration the sum which the bailee as such held in trust for his benefit, and the defendant would be entitled to a mitigation of the damages recoverable. A majority of this division is of the opinion that the finding for the plaintiff in the amount of $259.10 should be vacated and that a new trial should be ordered on the question of damages only.