PETER M. LEAVITT *vs.* HENRY J. DIMOND & another.

Suffolk.   March 7, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To reach and apply shares of stock owned by defendant,
  Once acquired not lost by subsequent discontinuance as to another defendant.
  *Corporation,* Equitable attachment of shares.  *Equity Pleading and Practice,*
  Bill, Amendment.

The jurisdiction in equity under St. 1910, c. 531, § 2, to reach and apply shares
  of stock in a defendant corporation owned by the principal defendant is not
  restricted to cases where the shares to be reached and applied have a substantial
  market value.
Accordingly an averment in such a bill that the shares of stock in question have
  "a substantial market value" is surplusage and need not be proved.
Where, in a suit in equity under St. 1910, c. 531, § 2, to reach and apply shares
  of stock in a defendant corporation owned by the principal defendant to the
  payment of instalments of money due by the principal defendant to the plaintiff
  under an instrument in writing, the principal defendant in his answer admits that
  he owns the shares but alleges that the shares are of no value owing to the fact
  that since the filing of the bill the defendant corporation has been adjudicated a
  bankrupt, and thereupon by a decree entered by consent the bill is dismissed
  as against the defendant corporation, the court does not lose thereby its juris-
  diction of the suit, and it is right for the trial judge to deny a motion to dismiss
  the bill on the ground that there is no equitable jurisdiction.
In the suit above described it was *held* that the plaintiff properly was allowed to
  amend his bill by adding an allegation that since the filing of the bill other
  instalments of money had become due from the defendant to the plaintiff and
  had remained unpaid.

BILL IN EQUITY, filed in the Superior Court on April 20, 1915,
under St. 1910, c. 531, § 2, to reach and apply shares belonging to
the defendant Dimond in the defendant L. Dimond and Sons,
Incorporated, a corporation, to the payment of instalments of
money due to the plaintiff by the defendant Dimond under a
guaranty in writing which is stated in the opinion, where also are
stated the amendment to the bill, the answer of the defendant
Dimond and the entry by consent of a decree dismissing the bill
as against the defendant corporation.

The plaintiff filed the following motion:

"Now comes the plaintiff in the above entitled cause and says

that since the filing of his bill herein an involuntary petition in bankruptcy has been filed against the defendant L. Dimond and Sons, Incorporated, under which petition an offer of composition in bankruptcy was confirmed by the District Court of the United States for the District of Massachusetts on September 21, 1915, and that in consequence thereof the capital stock of said defendant L. Dimond and Sons, Incorporated, has become worthless; wherefore the plaintiff moves that he may discontinue this cause as against said defendant L. Dimond and Sons, Incorporated, without costs."

Upon this motion were indorsed the words "assented to" signed by the counsel for the defendant L. Dimond and Sons, Incorporated, and also by the counsel for the defendant Dimond over the words "without prejudice to the defendant Dimond's right to dismiss the bill for want of equity."

The motion was allowed, and a decree was made, "all parties agreeing thereto," that the bill be dismissed as against the defendant L. Dimond and Sons, Incorporated, without costs.

Later the defendant Dimond filed a motion that the suit "be dismissed upon the ground that there is no equitable jurisdiction." The case was heard by *Fox*, J., who made the following memorandum of decision:

"The execution of the instrument of guaranty concurrently with the promissory note was proved, and the consideration for the guaranty was established. The amount due under the guaranty at the time of the filing of the amendment was $2,307.84.

"At the opening of the hearing, the counsel for the defendant objected that after the discontinuance as to Dimond and Sons, Incorporated, the court was without equitable jurisdiction, and renewed his motion at the close of the testimony. I ruled that, since it appeared that Dimond and Sons, Incorporated, was a going concern when the bill was brought, and the answer admitted that the defendant held stock in it, the jurisdiction of the court was not defeated by later discontinuance as to that defendant."

The judge ordered that a decree be entered for the plaintiff; and the defendant alleged exceptions.

St. 1910, c. 171, §§ 13, 14, are as follows:

"Section 13. No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certifi-

cate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined. Except where a certificate is lost or destroyed, such corporation shall not be compelled to issue a new certificate for the stock until the old certificate is surrendered to it.

"Section 14. A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction, by injunction and otherwise, in attaching such certificate or in satisfying the claim by means thereof as is allowed at law or in equity, in regard to property which cannot readily be attached or levied upon by ordinary legal process."

St. 1910, c. 531, § 2, adds to the grounds of equity jurisdiction described in R. L. c. 159, § 3, cl. 7, as amended by St. 1902, c. 544, § 23, the following: "Also suits to reach and apply shares or interests in corporations organized under the laws of this Commonwealth or of the United States, and located or having a general office in this Commonwealth, whether the plaintiff is a creditor or not, and whether the suit is founded upon a debt or not."

*E. C. Stone & G. Gleason,* for the defendant Henry J. Dimond, submitted a brief.

*B. A. Levy,* for the plaintiff.

PIERCE, J. This suit was brought under St. 1910, c. 531, § 2, to reach and apply certain shares of stock of the defendant corporation alleged to be held and owned by the individual defendant.

The debt sought to be established arose out of the alleged failure of the principal defendant to observe and perform the terms of a written instrument, signed by the principal defendant and dated July 24, 1912, whereby the defendant guaranteed to the plaintiff, Peter M. Leavitt, "the full, faithful and prompt payment of each and all weekly instalments set forth in a promissory note of even date made by John E. Brennen for $7500," which note reads:

"Boston, Mass. July 24, 1912.

"For value received, I promise to pay to Peter M. Leavitt or order Seventy-five Hundred Dollars, payable weekly in instalments of $36.06 per week, the first instalment to be made in one week from the date hereof, with interest weekly at the rate of 6% per annum."

The bill in equity was brought on April 20, 1915, and alleged

that instalments, payable according to the tenor of the note, to the amount of $1,081.80 with interest thereon were due and unpaid. An amendment to the. bill was allowed on December 21, 1915, to the effect that $1,226.04 more had become due and remained unpaid, or in all $2,307.84.

On December 22, 1915, the principal defendant filed his answer. He "admits that he was the owner of certain shares of the capital stock of the defendant corporation . . . but says that said shares are now of no value owing to the fact that the said corporation was duly adjudicated a bankrupt."

On January 24, 1916, by a consent decree, "without prejudice to the defendant Dimond's right to dismiss the bill for want of equity," the bill was dismissed as against the defendant corporation.

On June 20, 1916, the defendant filed the following motion before taking any evidence: "Now comes the defendant . . . and moves that the above entitled action be dismissed upon the ground that there is no equitable jurisdiction." This motion was denied and the defendant duly excepted.

It is the contention of the defendant that the court never acquired jurisdiction because the plaintiff offered no evidence that the stock had "a substantial market value" as alleged in the bill. No provision is expressed or implied in St. 1910, c. 531, § 2, to limit the right of creditors to seize and apply only stock of substantial value or of substantial market value. The allegation was surplusage and need not be proven. In his answer the defendant admits that he was the holder of stock in the defendant corporation at the time of the filing of the bill. This fact, together with the service of process, established jurisdiction in the court which was not lost when the bill was dismissed against the defendant corporation on the ground that the stock became worthless in consequence of the bankruptcy of the defendant corporation. *Campbell & Zell Co.* v. *Barr Pumping Engine Co.* 182 Mass. 304, 306. *Rosen* v. *Mayer*, 224 Mass. 494.

The amendment to the bill to include items of instalments accruing after the filing of the bill, was correct in procedure and the allowance of the items in accord with equity practice. *Perry* v. *Pye*, 215 Mass. 403. *Collins* v. *Snow*, 218 Mass. 542, 545.

*Exceptions overruled.*