JAMES T. LENNOX *vs.* W. FRED HASKELL & others.

Essex.   May 18, 1925. — September 18, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Landlord and Tenant,* Liability for rent.   *Corporation,* What constitutes corporate act.   *Contract,* What constitutes, Implied.

At the hearing of a suit in equity by the owner of certain real estate against the members of a partnership and a corporation which had been formed to take over the partnership's business, for rent under a lease to the partnership, it did not appear when the articles of incorporation were filed with the State Secretary under G. L. c. 156, § 12, nor that there was an assignment of the lease by the partnership to the corporation or a transfer in writing of the firm's assets to the corporation. It appeared that on an April 12, during the term of the lease, the partners and a third person "drew up an Agreement of Association and Articles of Organization," and that one of the purposes of forming the corporation was to take over the assets and liabilities of the firm, and to continue a shoe business formerly conducted by it; that on that day, immediately after the adjournment of the meeting of the incorporators, a meeting of the directors was held at which the "trial balance of . . . [the partnership] was presented and it was voted to purchase the assets and assume the liabilities of said Company as shown by said trial balance" for an issue of shares of the corporation; that thereafter the business was conducted by the corporation, which occupied the leased premises, collected rent from subtenants, and paid some instalments of rent under the lease to the plaintiff.   The partnership books were never closed, the corporation continuing the books of the firm as though there had been no change in the form of the organization.   A charter was issued to the corporation on June 11.   *Held,* that

   (1) There was no express contract by the corporation with the plaintiff to pay rent under the lease which had accrued on April 12;

   (2) There was no implied contract between the corporation and the plaintiff to pay the plaintiff the rent which had accrued on April 12;

   (3) There was no express or implied contract by the corporation with the plaintiff to pay rent accruing after April 12;

   (4) The partnership still was liable to pay rent to the plaintiff under the lease, the lease not having been surrendered, and the plaintiff's acceptance of rent from the corporation not barring his rights against the partnership;

   (5) The corporation was a tenant of the partnership and the plaintiff had a right to reach and apply, toward payment of his claim against the partnership, the partnership's claim against the corporation.

BILL IN EQUITY, filed in the Superior Court on May 21, 1924, against W. Fred Haskell, Carroll R. Brown, the cor-

poration Haskell, Brown and Bradbury, Incorporated, A. W. Bradbury, Charles H. Conway, and Herbert A. Cahoon, in which the plaintiff alleged in substance the facts relating to the lease by the plaintiff to the defendants Haskell and Brown described in the opinion; that the defendant corporation was organized for the purpose of taking over and continuing the business previously carried on by said copartners, who transferred all of their assets, including the lease, to the corporation, the corporation agreeing to assume and pay all the obligations of the partnership, including the liability under the lease; payments of rent by the corporation to the plaintiff; a vote by the corporation on February 2, 1924, to liquidate; and the appointment of the defendants Brown, Bradbury, Conway and Cahoon as liquidating agents, who thereupon took possession of the property and collected rent. The prayers of the bill were that the plaintiff's claim for rent under the lease be determined and the defendants Haskell and Brown be ordered to pay it; "that the amount of the claim of Haskell and Brown against the defendant corporation for breach of its agreement to assume and pay the obligations arising under said lease be determined and the defendant corporation ordered to pay the same to the plaintiff;" and that "a receiver be appointed to collect and convert the assets of said corporation into cash, to determine the amounts due to creditors and to pay the creditors in such amounts as" the court might direct.

The suit was heard by *Keating*, J. Material facts found by the judge are described in the opinion. By order of the judge, there was entered an interlocutory decree adjudging that on July 1, 1924, the defendants Haskell and Brown owed the plaintiff under the provisions of the lease $9,986 with interest amounting to $292.50, and directing that they pay the plaintiff that amount and costs; and further adjudging that the defendant corporation had "assumed and become obligated to pay to the plaintiff, rent under said lease as and when it shall become due, and the amount due the plaintiff from the defendant corporation for rent to July 1, 1924, is hereby established in the sum of $9,986, together

with interest of $292.50"; enjoining the corporation from continuing business; and appointing receivers of its property.

At the request of the parties, being of opinion that the interlocutory decree "so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by" this court, the judge reported the case to this court for determination.

The case was submitted on briefs.

*E. J. Garity & E. Borofski,* for the defendants and Central National Bank, intervenor.

*J. C. Coughlin,* for the plaintiff.

CARROLL, J.  The plaintiff leased, in writing, to the defendants Haskell and Brown, copartners (hereinafter referred to as the firm), certain premises in Lynn for the term of five years, from July 1, 1920, to July 1, 1925.  In April, 1923, it was decided to form a corporation.  On the twelfth day of April, Haskell, Brown, and the defendant Bradbury, who was to contribute $10,000 "as part of the capital stock," "drew up an Agreement of Association and Articles of Organization."  It was found that one of the purposes of forming the corporation was to take over the assets and liabilities of the firm, and to continue the shoe business formerly conducted by it.  A charter was issued to the corporation on June 11, 1923, under the name of Haskell, Brown & Bradbury, Inc.  This corporation is one of the defendants.  Its stock was divided equally among Haskell, Brown and Bradbury, who comprised the board of directors and who were familiar with the lease from the plaintiff.

The report states that on April 12, 1923, "immediately after the adjournment of the meeting of the incorporators a meeting of the directors was held at which it was voted: 'The trial balance of Haskell & Brown was presented and it was voted to purchase the assets and assume the liabilities of said Company as shown by said trial balance to be therefore the sum of $78,000 to be evidenced by 780 shares of the common capital stock of the Company.' 'It was voted that the net assets of said Company are worth the sum of $78,000.'"  It was also found as a fact that after April 1, 1923, the business was conducted by the corporation, which

occupied the leased premises as the firm had done. The manufacturing was carried on in another State, but the corporation maintained its only Massachusetts office in the leased premises and collected as rent whatever was collected from subtenants.

The plaintiff's suit is in equity. He seeks to recover the rent due under the lease. It does not appear at what time the articles of organization were filed with the State secretary. There was no express agreement by the corporation to assume the liabilities of the firm, "unless such agreement is constituted by the above quoted vote of the directors" of April 12, 1923; no bill of sale transferring the firm assets to the corporation was executed; and there was no written assignment of the lease, "unless the above vote constitutes such assignment."

The balance sheet, already referred to, showed that there was due the plaintiff as rent under the lease to April 1, 1923, the sum of $4,718; but the rent for March, 1923, ($780) did not appear on the balance sheet. The firm books were never closed, the corporation continuing the books of the firm as though there had been no change in the form of the organization. These books carried a rent account showing on the first of the month the amount of rent accruing. On April 9, 1923, "there was paid the plaintiff out of the account of Haskell, Brown & Bradbury, Inc." $798; on May 7, $794 was paid; both payments being on the rent account. June 11 the corporation paid the plaintiff $802 "from its corporate funds"; December 17, 1923, the corporation paid the plaintiff $774; January 18, 1924, $774 was paid.

There was evidence that when the corporation was formed the firm "was sound financially"; and when the bill was filed the corporation was insolvent. In February, 1924, the directors of the corporation voted to liquidate, and the defendants Brown, Bradbury, Cahoon and Conway were appointed a committee for this purpose. The firm has no assets which can be reached to secure the plaintiff's claim, except such claims as it has against the corporation. The judge found that the plaintiff could recover from the corporation rent to July 1, 1924, amounting to $9,986, with interest, and rent as

it became due after July 1, 1924; he also appointed receivers of the corporation. It was decreed that the firm owed the plaintiff for rent the sum of $9,986 with interest; that the corporation assumed the rent under the lease "and [has] become obligated to pay to the plaintiff" the rent under the lease "as and when it shall become due." Receivers were appointed under the decree. From this decree the defendants appealed. The defendants do not object to that part of the decree appointing receivers. The case is before this court on a report.

1. By G. L. c. 156, § 12, the existence of a corporation organized under general laws begins upon the filing of the articles of organization in the office of the State secretary. The record does not disclose the date when the articles of organization were filed. The charter was issued to the corporation on June 11. It cannot be assumed that the articles were filed on April 12, the day the organizers voted to purchase the assets and assume the liabilities of the firm. There was no express contract by the corporation to assume the rent which had accrued on April 12. The corporation was not in existence at that time. The vote was not its vote and did not bind the corporation. If a contract were made between the plaintiff and the defendant corporation it would have its inception when entered into by the corporation itself. To make it valid all the elements necessary in other contracts were essentials. *Abbott* v. *Hapgood*, 150 Mass. 248, 252. *Pennell* v. *Lothrop*, 191 Mass. 357. *Whiting & Sons Co.* v. *Barton*, 204 Mass. 169. There is nothing to show that any express contract between the plaintiff and the corporation was made. The corporation did not agree to assume the lease and pay the plaintiff the rent already accrued.

Nor do we find that there was any implied contract on the part of the corporation to pay this rent. It entered into possession of the premises when it was organized; but there was no privity of estate between the plaintiff and a corporation which was not in existence during the time the premises were occupied by the firm under its lease. The facts that the corporation took over the assets of the firm, that it carried on the business, and that it made payments for rent from

time to time, are not sufficient to show that the corporation impliedly agreed to pay the accrued rent. *North Anson Lumber Co.* v. *Smith*, 209 Mass. 333, 335, is not applicable to the facts appearing in the case at bar. The corporation did not agree with the plaintiff to assume the rent already due from the firm, and did not, according to the report, at any time after its organization contract with the firm to assume this rent.

2. The corporation after its organization did not agree with the plaintiff to pay the rent subsequently accruing, and so far as appears on the record did not assume any liability under the lease. In *H. P. Hood & Sons* v. *Perry*, 248 Mass. 350, the conveyance was from one corporation to another corporation already in existence. In the present case there was no assignment of the lease or transfer in writing of the firm assets to the corporation after it was formed. There was no express or implied promise on its part with the plaintiff. See G. L. c. 183, § 3; G. L. c. 259, § 1 (4); *Podren* v. *Macquarrie*, 233 Mass. 127. The corporation is not directly liable to the plaintiff either for the rent which had accrued when its articles of organization were filed or for the rent which subsequently became due.

3. The lease was to the firm; and the firm was liable to the plaintiff for the rent and continued so under its contract with him. The lease was not surrendered by the lessee and accepted by the lessor. *Johnson* v. *Stone*, 215 Mass. 219. The corporation was a tenant of the firm; it occupied the premises with the assent of the firm and it is liable to the firm for the rent from the time the articles of organization were filed, when it came into possession, until the relation came to an end. See *Central Mills Co.* v. *Hart*, 124 Mass. 123, 125; *Kirchgassner* v. *Rodick*, 170 Mass. 543, 544. The acceptance of rent from the corporation did not bar the plaintiff's recovery against the firm. *Johnson* v. *Stone,* supra. He cannot be deprived of his rights under his contract with the firm because the premises were occupied by the corporation and its subtenants. See *Blake* v. *Sanderson*, 1 Gray, 332. The plaintiff therefore is not entitled to recover directly against the corporation. He is, however, entitled to have

his debt established in this proceeding against the firm, the corporation owing the firm for rent from its organization until the date of the interlocutory decree, at which time it was insolvent.   See *Deane* v. *Caldwell,* 127 Mass. 242.

The firm is liable to the plaintiff, as stated in the decree, for the rent due July 1, 1924; as the lease has not been surrendered, it continued to be liable for the future rent until the lease was terminated, and, under a proper amendment, the plaintiff may have his debt established against the firm for the future instalments of rent.   *Leavitt* v. *Dimond,* 227 Mass. 216.   The plaintiff's claims against the firm should be established, as well as the account between the firm and the corporation, and the debt due the firm from the corporation, from the date of the filing of its articles of organization to July 1, 1924, should be applied for the benefit of the plaintiff in accordance with the order of the court.   See *Evans, Coleman & Evans, Ltd.* v. *Pistorino,* 245 Mass. 94.   The case is to be remanded to the Superior Court for the establishment of these accounts.

The decree should be modified in accordance with this opinion.

*Decree accordingly.*