No. 143102 Municipal Suffolk, ss.

SHIELDS et al (M. K. Campbell)
v. COLONIAL BEACON OIL CO.
 (Bartlett, Jennings & Bartlett)

From the Municipal Court of Boston—Brackett, J.
Argued Feb. 16, 1942—Opinion filed March 7, 1942

ZOTTOLI, J. (Putnam, C. J., and Keniston, J.)—This is an action of contract or tort in which the plaintiffs seek to recover damages resulting from a fire in and about a heater in the basement of their premises. At the close of the evidence the defendant duly filed written requests for rulings. Later, by leave of Court, six more requests for rulings were filed by the defendant. It will serve no useful purpose to set out the evi-

dence reported and all of these requests. The defendant claims to be aggrieved by the judge's refusal to grant its requests numbered 16, 17, and 19 which are as follows:

16. In order for a defendant to be liable for the negligence of an independent contractor, the defendant must be an owner of real estate who employs an independent contractor to do inherently dangerous work on his real estate.

17. The work performed by Welch on the plaintiffs' premises was not inherently dangerous.

19. There is no sufficient evidence of reliance by the plaintiffs on any apparent agency of Welch.

The defendant also claims to be aggrieved by the judge's refusal to grant its additional requests numbered 2 and 3 which are as follows:

2. There is no evidence to show that the nature of Welch's work was such as to require special precautions by the defendant to guard against injurious consequences in its performance by an independent contractor.

3. The occupation of oil burner service man is not an inherently dangerous occupation.

It is the Court's action on these requests that the Court has reported to the Appellate Division for determination, and which are now presented for review. Under these circumstances, other questions than those presented by the denial of the requests in question, such as may relate to pleadings and damages, or the sufficiency of the evidence to warrant a finding in contract, are not now open for review. *Earl C. Dodds, Inc.* v. *Boston Casualty Co.,* 308 Mass. 124.

The defendant has presented a rather elaborate argument and brief based upon tort aspects of the case in support of its contention that there is error in the denial of the requests submitted for review. It has apparently overlooked the fact that the finding of the Court is in *contract.* None of the rulings denied challenge the sufficiency of the evidence to support such a finding, and this question is not before us for review. It is evident that there is no reversible error in the denial of the requests above referred to. The finding in contract rendered them moot and immaterial and the report must be dismissed. However, it may serve a useful purpose to point out that the evidence reported is ample to support the finding in contract. Taken in its aspect most favorable to the plaintiff, *Winchester* v. *Erickson,* 281 Mass. 210, 212, the evidence warrants findings that the damage claimed resulted from unworkmanlike and negligent conduct on the part of a sub-contractor of the defendant who had been sent to the plaintiffs' premises by the defendant under a contract with the plaintiff to service their oil-heater.

It is well settled that "neither the delegation of performance by an obligor, nor a contract with the obligor by a person to whom the performance is delegated to assume the obligor's

duty, extinguishes it or prevents recovery of damages from him if the duty is not performed." Re-statement of the Law, Contracts, Ch. 7, sec. 160, sub-section 4, at pages 197, 198; and illustration of sub-section (4) at page 201. This principle is illustrated by a variety of decided cases in our Commonwealth. *Pike* v. *Waltham,* 168 Mass. 581, 587; *Lenox* v. *Haskell,* 253 Mass. 334, 339; *cf. Harrington* v. *Barnes,* 10 Cush. 106, 109; *City Institution for Savings* v. *Kelil,* 262 Mass. 306.

No reversible error appearing, the order is

*Report dismissed.*