IRA R. AMES *vs.* B. C. AMES CO.

Middlesex.    December 6, 1956. — March 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Landlord and Tenant,* Assignment of lease, Option, Renewal of lease.    *Option.*

A ten year lease of business premises was not assigned to a one man corporation which the lessee organized shortly after the lease was given, although the lessee then assigned to the corporation all his interest in a business conducted by him on the premises and the corporation throughout the term occupied the premises with his permission and for most of the term paid the rent, where it appeared that there was no formal assignment of the lease, that the corporation did not assume any obligations to the lessor respecting the lease, that four years after it was given an amendment was made between the lessor and the lessee

---

contemplating the continuance of certain rights in and performance of the lessee's obligations under the lease by the lessee during the rest of the term, and that the lessee sought in his own behalf to exercise an option of renewal of the lease. [513–514]

A notice of exercise of an option to renew a lease of business premises to an individual was sufficient, although the notice was written on the stationery of a one man corporation which the lessee had organized and which had occupied the premises by his permission but not as assignee of the lease, and was signed by him as its president, where it appeared from the tenor of the notice and his subsequently executing and sending to the lessor for execution a renewal lease running to himself that he was seeking the renewal individually and not in behalf of the corporation and that the lessor so understood. [514–515]

BILL IN EQUITY, filed in the Superior Court on January 12, 1956.

The suit was heard by *Paquet,* J.

*James C. Roy,* (*Marcus L. Sherin* with him,) for the defendant.

*Victor C. Harnish,* (*Charles P. Burgess* with him,) for the plaintiff.

RONAN, J. This is an appeal from a final decree ordering the defendant to renew a lease given by it to the plaintiff of certain premises in Waltham.

The defendant demised certain premises in Waltham for the term of ten years commencing on April 1, 1946, with the option of a renewal for ten years provided that written notice was given to the lessor at least six months prior to the expiration of the original term and that, if the parties could not agree to the rental, it be fixed by arbitration but in no event at less than $4,800 a year. The lessor also agreed to assent to the assignment of the lease to a corporation to be formed by the lessee provided that the corporation should be owned and operated by the lessee, his heirs and successors. The plaintiff in August, 1946, organized the Ames Precision Machine Works and on August 19, 1946, he assigned to the corporation all his right, title, and interest to the business conducted by him on the demised premises. The corporation has since occupied the premises except a small portion which was occupied by the plaintiff's son without charge. The plaintiff is the sole stock-

holder, being also the president, treasurer and a director of
the corporation.   The rent was paid by the corporation
until November, 1955, and since by the plaintiff.   The rent
was billed to the corporation at times from 1946 to August,
1949.

There was no evidence of any formal assignment of the
lease or subletting to the corporation although the defendant
had agreed in a letter dated April 1, 1946, to assent to an
assignment, if one was sought, to a corporation which the
plaintiff should own and operate.   So far as appears no
request was made to the defendant for such an assent when
the corporation came into existence.   It did not directly
assume any obligations of the plaintiff in relation to the
lease and the mere payment of the rent did not make
it an assignee of the lease.   *Haley* v. *Boston Belting Co.*
140 Mass. 73, 75.   *Lennox* v. *Haskell,* 253 Mass. 334, 339.
Whether the bill of sale given by the plaintiff to the corpora-
tion when it was organized in August, 1946, of all his right,
title and interest in and to the business included his interest
in the lease was a question of fact.   Interest in a business
are words of indefinite signification and are open to expla-
nation by parol evidence.   *Collector of Taxes of Boston* v.
*New England Trust Co.* 221 Mass. 384, 388.   *Chaton Fibre
Co.* v. *Eaton,* 255 Mass. 136, 139–140.   *Whipple* v. *Com-
missioner of Corporations & Taxation,* 263 Mass. 476, 485.
*Boston & Providence Railroad* v. *Old Colony Railroad,* 269
Mass. 190, 197.   *Donovan* v. *Travers,* 285 Mass. 167, 175.
*Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477, 483.   We do
not think the corporation acquired any interest in the
leasehold.

That the plaintiff had not parted with his interest is
shown by the amendment to the lease executed on March
23, 1950, between the parties hereto which recited that
certain rights granted to the plaintiff were to continue for
the balance of the unexpired term of the original lease
"upon the faithful performance by the first party [the
plaintiff] of the Lessor's [lessee's?] covenants and under-

takings in said lease contained." This was nearly four years after the corporation took possession of the demised premises and paid the rent, all to the knowledge of the defendant. This was persuasive evidence that the plaintiff still remained the lessee and that the defendant considered him to be acting in that capacity.

At a second hearing of this case the defendant took the position that the plaintiff had assigned the lease to the corporation or sublet the premises to it without the defendant's assent, and that this constituted a breach of covenant which barred the plaintiff from a renewal. The judge found that the plaintiff allowed the corporation to occupy the premises without an assignment or sublease, and that the plaintiff as lessee retained control of the premises at all times and exercised his right to control the premises under the lease. He further found that the corporation never assumed an obligation to the defendant to pay the rent, and that the defendant never acquired any claim against the corporation for rent. The mere permissive use and occupancy by this plaintiff's one man corporation did not as matter of law constitute an assignment or a sublease. See *Lennox* v. *Haskell,* 253 Mass. 334, 339.

The judge found that the request for renewal was sufficient. The letter of September 19, 1955, was on corporate stationery and was signed by the plaintiff as its president giving the defendant notice of "my intention to renew said lease." "I agree to the annual rental of $4,800 per year for the renewal term and will prepare and submit to you forthwith for your signature a renewal lease upon the same terms and conditions as the original lease dated April 1, 1946, unless you request a conference to determine the amount of the annual rental as provided in said lease. Please inform me at your early convenience of a time and place convenient for such a conference if you wish to hold one." All doubt that Ames was discussing in his own behalf a renewal of the original lease between himself and the defendant is dispelled when it appears that he executed in duplicate a lease running to himself individually and by

letter dated September 28, 1955, sent both duplicates to the defendant, one to be executed by the defendant and to be returned to him. Moreover, it could also be found that the defendant upon the receipt of the leases understood that the plaintiff was seeking a renewal for himself as the judge properly characterized the failure of the defendant to reply to the letters of September 19 and 28 until November 28, 1955, as "a deliberate attempt on its part to avoid compliance with the provision in the lease with respect to the option to renew."

The fact that the leases sent on September 28, 1955, called for an initial term of ten years followed by a renewal for ten more years when the plaintiff was only entitled to one renewal lease in all did not, as the defendant argues, amount at most to a counter offer. The existence of a further option in these duplicate leases probably resulted from a literal following of the original lease which provided for only a single option. The judge found that no counter offer was ever intended by the plaintiff and no claim is made by him that the renewal lease should contain any further option. We cannot say the judge was in error. *Nelson* v. *Hamlin*, 258 Mass. 331.

*Decree affirmed with costs of the appeal.*