PITTSFIELD GENERAL HOSPITAL *vs.* FREDERICK E. MARKUS & others.

Berkshire. February 6, 1969. — April 3, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Pleading, Civil*, Declaration. *Corporation*, Successor of partnership. *Arbitration.*

Where a count in the declaration in an action was contended by the plaintiff to sound in contract but contained certain allegations suggesting tort for deceit, a demurrer was properly sustained under the provision of G. L. c. 231, § 7, Sixth, requiring that if causes of action in contract and in tort are joined they "shall be stated in separate counts." [521]

A demurrer was properly sustained to a count in the declaration in an action against a corporation alleging merely that the defendant was the successor in interest to and continued the business of a partnership which had a specified liability to the plaintiff, that the defendant was an assignee of "certain" partnership property and took title to "certain" assets, and that the defendant "by its conduct" assumed the liabilities of the partnership. [521–522]

In an action against a partnership, its partners, and a corporation, where a count in the declaration sought to enforce against all the defendants an award solely against the corporation in an arbitration demanded by it under a contract between the partnership and the plaintiff, it was proper to sustain a demurrer by the partnership and the partners to that count, but a demurrer thereto by the corporation should have been overruled. [522]

An award in a common law arbitration might properly be enforced in an action at law under a count in the declaration following the form authorized by G. L. c. 231, § 147, subparagraph 5.   [522–523]

There is no requirement that the allegations in different counts in the declaration in an action be consistent each with the others.   [523]

CONTRACT AND TORT.   Writ in the Superior Court dated January 13, 1967.

The action was heard by *Brogna,* J., on demurrers.

*William W. Simons* for the plaintiff.

*Herman Snyder* for Markus & Nocka, Inc. (*Steven J. Comen,* for Frederick E. Markus & another, with him).

SPALDING, J.   The plaintiff's amended declaration contained four counts and named as defendants Frederick E. Markus and Paul F. Nocka, individually and doing business under the name of Markus & Nocka, and Markus & Nocka, Inc., a corporation.   Two demurrers were filed to all of the counts, one by the individual defendants and the partnership, and the other by the corporation.   Each demurrer was overruled as to count 1 and sustained as to counts 2, 3 and 4.   The plaintiff appealed.

The first count is in tort and runs against Markus and Nocka as individuals and as copartners.   It alleges that they failed to exercise due care and reasonable skill in the performance of professional architectural services in connection with the construction of a building on the plaintiff's property.   Since the demurrers to this count were overruled, we are not concerned with it on this appeal.

1. The second count also runs against Markus and Nocka as individuals and copartners.   It alleges that they were employed on their "express representation" that their design and architectural concept would provide for certain future economies based on the fact that they would permit an addition of at least two stories; that relying on this representation, the plaintiff performed its part of the agreement and paid $330,218 to the partnership, but the defendants "not regarding their express representation and agreement" did not design the structure so that it would bear the weight of two additional stories; and that as a

result the plaintiff was obliged to incur substantial expense for the "repair and reconstruction" of the building.

The demurrer to this count was correctly sustained. General Laws c. 231, § 7, Sixth, provides, "Causes of action in contract and in tort shall not be joined, except when they arise out of the same matter, and in such case they shall be stated in separate counts. . . ." The plaintiff contends that count 2 sounds in contract. But the references to an express representation, and to the plaintiff's reliance on it, suggest an action for deceit, which sounds in tort. The plaintiff thus is attempting in a single count to join a cause of action in tort with a cause of action in contract. This, under the statute, is not permissible. *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 35.

2. The third count is directed against the corporate defendant, Markus & Nocka, Inc. It alleges that the corporation is the successor in interest to the partnership; that it is an assignee of "certain partnership property;" that it assumed existing liabilities and continued the business of the partnership; that at the time the corporation took title to "certain assets" the partnership was liable to the plaintiff for damages in failing to exercise reasonable skill in the performance of the architectural services; and that "by its conduct" at the time of the transfer of assets the corporation assumed the liabilities of the partnership, which included its liabilities to the plaintiff.

A corporation succeeding a partnership is liable on the contracts or obligations of the latter where it either assumes them under express agreement or where the facts and circumstances are such as to show an assumption. *Lennox* v. *Haskell,* 253 Mass. 334, 338. *Roe* v. *Lahaye,* 64 F. 2d 962, 964 (8th Cir.). Fletcher, Cyc. Corporations (Perm. ed.) § 4012, p. 370. See *New England Factors, Inc.* v. *Genstil,* 322 Mass. 36, 45. But there is no allegation that there was such an express agreement; there is merely a conclusory statement that the corporation had assumed the liabilities of the partnership. The allegation is later qualified by the assertion that the corporation "by its conduct" assumed

these liabilities.  This was not sufficient to show that there was either an express or implied agreement.  It is held in some jurisdictions that a corporation formed by and consisting of the members of a partnership, which conveyed all its assets to the corporation, is presumed to have assumed the partnership debts.  See Fletcher, *supra*, § 4014, p. 384. This court has never had occasion to pass on this rule and it is not necessary to do so now.  Were we to adopt it, it would not aid the plaintiff, for not all of the partnership's assets were transferred to the corporation and it is not alleged that Markus and Nocka were the only stockholders. See Fletcher, *supra*, § 4014, pp. 388–389.  The demurrer to this count was correctly sustained.

3.  The fourth count alleges that "the defendants" owe the plaintiff the amount of a common law arbitration award made by the American Arbitration Association.  Annexed to this count are copies both of the award itself and of a notice to the plaintiff from the association reciting that Markus & Nocka, Inc. had demanded arbitration.  The written agreement for the employment of the services of Markus & Nocka, it is alleged, had provided: "[A]ll questions in dispute under this agreement shall be submitted to arbitration at the choice of either party . . . ."  Although there is no allegation in this count that the corporation had succeeded to the other defendants' rights and duties under the agreement with the plaintiff, the demand for arbitration was made by the corporation.  The arbitration award ran only against the corporation, and yet count 4 seeks to fasten liability under the award on all the defendants.  The demurrer of the individual defendants and the partnership to this count consequently was rightly sustained; but the demurrer of the corporation should have been overruled.[1]

Although no judgment can be entered directly on a common law award of arbitrators, we have recognized that

---

[1] The corporation does not specifically argue that the award is void because the demand for arbitration was made by a party which may not have had a right to make such a demand.  Moreover, we would be reluctant to accept such an argument from the corporation, since it was the corporation itself which made the demand.

such an award may be enforced in an action at law under a proper declaration. *Louison* v. *Fischman*, 341 Mass. 309, 313. Count 4 follows the form authorized by G. L. c. 231, § 147, subpar. 5, and contains adequate allegations for the enforcement of the award against the corporation. Even if we thought, as the defendants argue, that count 4 is inconsistent with count 1, such an inconsistency is not fatal. There is no requirement that the allegations of different counts be consistent with each other. See, e.g., *Farquhar* v. *Farquhar*, 194 Mass. 400, 404.

The order, in so far as it sustained the demurrers to counts 2 and 3 and the demurrer of the individual defendants and the partnership to count 4, was correct. However, the order sustaining the corporation's demurrer to count 4 is reversed.

*So ordered.*