CAMPANELLA
CORPORATION, Plaintiff,

v.

LYNDON REALTY TRUST et al., Defendants.

Civ. A. No. 77–3805–G.

United States District Court,
D. Massachusetts.

June 21, 1985.

Michael Gardner, R. Robert Popeo, Paul Wilson, H. Joseph Hameline, Robert M. Gault, Mintz, Levin, Cohn, Glovsky & Popeo, Boston, Mass., for plaintiff.

Kenneth R. Berman, F. Anthony Mooney, Hale & Dorr, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS COMPLAINT AND FOR PARTIAL SUMMARY JUDGMENT AND ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

GARRITY, District Judge.

This action involves a lease agreement between plaintiff lessee and defendant lessors of adjacent concrete and asphalt plants in Hyannis, Massachusetts.[1] Jurisdiction is based on 28 U.S.C. § 1332 (diversity of citizenship). Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and for failure of the real party in interest to prosecute. They also have moved for partial summary judgment. Plaintiff has filed a motion for partial summary judgment as well. After hearing oral argument and considering the briefs and affidavits submitted by the parties, the court denies defendants' motions and grants plaintiff's motion.

### I. Statement of Facts

In 1971, plaintiff leased adjacent concrete and asphalt plants in Hyannis from defendants for a period of ten years. Both leases provided that "[t]he lessee will not assign this lease nor underlet the whole or any part of said leased premises without first obtaining the consent in writing of the

---

1. Defendant Louis Paul Lorusso was the lessor of the concrete plant; defendant Lyndon Realty Trust, with defendants Louis Paul Lorusso and Lila L. Lorusso as trustees, was the lessor of the asphalt plant. For simplicity, defendants will be referred to collectively as defendant lessors.

lessor, which consent shall not be unreasonably withheld." The leases also contained numerous covenants concerning the care and maintenance of the plants.

On January 21, 1975, plaintiff entered into a Purchase and Sale Agreement with Simeone Corporation ("Simeone"), in which plaintiff sold to Simeone a number of its assets, including its interest in the leases in question, subject to the terms of a so-called Lease Letter Agreement ("Agreement"). The Agreement, dated January 21, 1975, provided that plaintiff was to use all reasonable efforts to effect a valid and binding assignment of its leases, including obtaining the consent of defendants. It also stated that if defendants refused to consent to the assignment, plaintiff was to operate the plants for Simeone, in accordance with its instructions, at its expense, and that all net proceeds were to be delivered to Simeone. The Agreement further provided that if defendants instituted any litigation against plaintiff, "... by reason of the purported assignment of said leases to buyer at the closing or by reason of the seller's operation of the businesses on the leased premises for the benefit of Buyer ...", Simeone would pay for and control the defense for plaintiff.

On February 13, 1975 and again on April 18, 1975, plaintiff wrote to defendants requesting their consent to the assignment of the leases. When defendants did not respond to plaintiff's request for approval of the assignment, Simeone instructed plaintiff to operate both plants in accordance with the Agreement. According to plaintiff, it sent its employees and two representatives of Simeone to operate the plants on April 25, 1975, but they were locked out by defendants who ordered them off the premises. On the same date, defendants also sent plaintiff a letter in which they terminated the leases as of April 22, 1975

due to asserted breaches of the lease agreements.[2]

Plaintiff subsequently brought this action for breach of contract, conversion and trespass. Defendants counterclaimed for breach of contract.

## II. *Defendants' Motion to Dismiss the Complaint*

Rule 17(a), F.R.Civ.P., requires that all actions be prosecuted in the name of the real party in interest. Defendants have moved to dismiss this action for lack of subject matter jurisdiction and for failure of the real party in interest to prosecute, claiming that Simeone, rather than plaintiff, is the real party in interest with respect to plaintiff's three damage claims: the value of personal property allegedly converted, lost profits for the years 1975 through 1980, and loss of prepaid rent for 1975.[3]

▌ We hold that plaintiff is a real party in interest to this action, mainly because the Agreement between plaintiff and Simeone did not constitute an assignment or underlet of plaintiff's leasehold interests in violation of its lease from defendants. Plaintiff's promise to assign its leasehold interests to Simeone was conditioned upon the consent of defendant lessors, as stated explicitly in the January 21, 1975 Purchase and Sale Agreement as well as in the Agreement of the same date. The Agreement did provide that if defendants should refuse to consent to the assignment Simeone would exercise some degree of control over plaintiff's business and its operation of the plants and also provided that Simeone would receive all of the net proceeds of such operation. However, this arrangement does not amount to an assignment since plaintiff retained the right to possess and use the leased premises and remained obligated to defendant lessors under the leases. *See* Restatement (Second)

---

2. Defendants claim that plaintiff breached numerous provisions of the leases, particularly those obligating plaintiff to maintain and repair the premises and those obligating plaintiff to operate the plants in compliance with air pollution laws.

3. Were Simeone to be substituted as plaintiff, this court would lack subject matter jurisdiction since Simeone and defendants are citizens of Massachusetts and, therefore, diversity of citizenship would be lacking.

of Property, § 1.2; 51C C.J.S., § 2(2)(c); *Ames v. B.C. Ames Co.,* 1957, 335 Mass. 511, 140 N.E.2d 654.

 Plaintiff is a real party in interest with respect to its specific damage claims as well. Plaintiff is entitled to bring an action for conversion of the personal property on the leased premises, although title to the property passed to Simeone in January, 1975, since plaintiff had the right to immediate possession of the property at the time of the alleged conversion. Restatement (Second) of Torts, § 224; *Mazeikis v. Sidlauskas,* 1963, 346 Mass. 539, 194 N.E.2d 409. According to the Agreement, plaintiff was to operate the plants for Simeone's benefit if defendants did not consent to the assignment. To do so, plaintiff would have had to use the personal property which it sold to Simeone. Therefore, plaintiff necessarily had possession of the property and may pursue this cause of action. Plaintiff also is entitled to sue defendants for loss of profits due to defendants' alleged breach of the lease agreements. Although plaintiff agreed to transfer its proceeds from the operation of the plants to Simeone, its rights as against defendants remained unchanged; how plaintiff chose to dispose of its proceeds is not relevant to its right to earn them under the leases. The same is true of plaintiff's claim concerning the 1975 prepaid rent. Plaintiff paid the rent to defendants and may sue for its return regardless of the fact that plaintiff and Simeone adjusted the purchase price paid to plaintiff to reflect the fact that these rents had been paid.[4] That Simeone may have a cause of action against plaintiff for any money it recovers for the 1975 rent does not affect plaintiff's right to sue defendants for the rent it paid. *See* Wright, Law of Federal Courts § 70

(4th ed.) ("The 'real party in interest' is the party who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery."); *Oliver B. Cannon and Son, Inc. v. Fidelity and Casualty Co.,* D.Del.1981, 519 F.Supp. 668.

Furthermore, dismissal of this action for failure of the real party in interest to prosecute would not further the purposes of Rule 17(a). "The basic purpose of Rule 17(a)'s insistence that every action be prosecuted in the name of the real party in interest is to protect a defendant from facing a subsequent similar action brought by one not a party to the present proceeding and to ensure that any action taken to judgment will have its proper effect as res judicata." *Prevor-Mayorsohn Caribbean v. Puerto Rico Marine Management, Inc.,* 1 Cir.1980, 620 F.2d 1, 4. Because any action brought against defendants by Simeone would be time barred, defendants are protected against the possibility of exposure to a second suit. *Id.* at 5. Therefore, dismissal under Rule 17(a) is not warranted. *See also* Wright, *Law of Federal Courts* § 70 (4th ed.).

### III. *Defendants' Motion for Partial Summary Judgment*

Defendants' motion for partial summary judgment raises essentially the same issues, viz., whether the Agreement constituted an assignment of plaintiff's lease such that plaintiff no longer has causes of action against defendants for conversion, lost profits, and loss of prepaid rent. As stated *ante,* the court finds that the Agreement was not an assignment. Consequently, plaintiff can maintain these damage claims against defendants and defendants' motion is denied.[5]

---

**4.** Simeone is not subrogated to the rights of plaintiff concerning the 1975 rent because of the purchase price adjustment. "Subrogation is an equitable adjustment of rights that operates when a creditor or victim of loss is entitled to recover from two sources, one of which bears a primary responsibility." *Frost v. Porter Leasing Corp.,* 1982, 386 Mass. 425, 426, 436 N.E.2d 387. Plaintiff is not entitled to seek recovery of the

rental payment from Simeone, but only from defendants.

**5.** Defendants also argue that plaintiff is not entitled to lost profits from the operation of the concrete plant because Simeone did not ask plaintiff to operate that plant after defendants failed to consent to the assignment. Whether plaintiff, acting on its own or on Simeone's

## IV. *Plaintiff's Motion for Partial Summary Judgment on Defendants' Counterclaim*

As a part of the leases, plaintiff agreed to purchase its requirements of aggregate (sand and stone used in the manufacture of asphalt and concrete) from defendant lessors or Hyannis Sand and Gravel, Inc. ("HS & G"). HS & G, a corporation owned at that time by Louis and Lila Lorusso, was located adjacent to the asphalt and concrete plants and produced aggregate.

■ Defendants' counterclaim alleges numerous breaches of the asphalt and concrete plant leases, but it does not assert that plaintiff breached the leases by failing to purchase aggregate from defendant lessors or HS & G. However, plaintiff learned through discovery that defendants seek recovery for profits lost by HS & G for the two years following the termination of the leases, during which time HS & G was unable to sell aggregate.[6]

■ According to plaintiff, HS & G, but not defendants, may bring an action to recover lost profits from plaintiff due to its failure to purchase aggregate during 1975 and 1976. If defendants were acting as agents for HS & G when the parties entered into the lease agreements, as defendants argue, then they are entitled to bring this claim for damages suffered by their principal, *Mitsui & Co. v. Puerto Rico Water Resources Authority*, D.P.R.1981, 528 F.Supp. 768, 776, provided that they are currently authorized by HS & G to assert this claim. *Id.* at 777, *see also* 2 S. Williston, A Treatise on the Law of Contracts § 293 (3d ed.) Defendants have presented

no evidence that they have been so authorized.[7] Therefore, plaintiff's motion is granted.[8]

## V. *Summary*

Defendants' motions to dismiss the complaint and for partial summary judgment are denied. Plaintiff's motion for partial summary judgment is granted.

---

behalf, intended to operate the concrete plant is a question of fact.

**6.** Plaintiff argues that defendants' counterclaim violates Rule 8, F.R.Civ.P., because it fails to allege specifically their claim for lost profits from the sale of aggregate. However, defendants seek these damages not as a result of plaintiff's breach of its promise to purchase aggregate, but as foreseeable damages from plaintiff's supposed breaches of the leases. Therefore, defendants' counterclaim states the facts constituting its cause of action sufficiently for the purposes of notice pleading.

**7.** That defendants no longer have an ownership interest in HS & G is further indication that they are not authorized to act as its agent.

**8.** If, as plaintiff argues, defendants were acting as promisees of a third party beneficiary contract in which HS & G was a donee beneficiary, defendants are not entitled to recover damages suffered by HS & G. Restatement (Second) of Contracts § 307.