Toomey, J.
Plaintiff Susan E. McCarthy, Trustee of 180 Turnpike Road Realty Trust (“McCarthy”) has brought suit claiming breach of a lease, breach of the covenant of good faith and fair dealing and violation of G.L.c. 93A (the Massachusetts Consumer Protection statute). This case now is before the court on defendants’ motion to dismiss McCarthy’s complaint and McCarthy’s motion for preliminary injunction. For the following reasons, defendants’ motion to dismiss is ALLOWED in part and McCarthy’s motion for preliminary injunction is DENIED.
BACKGROUND
McCarthy alleges the following pertinent facts in her complaint. On March 6, 1995, McCarthy, through her authorized agent Peter B. McCarthy, and defen *385 dant Massachusetts Gymnastics Center, Inc. (“Mass. Gym”), through its president and treasurer Robert B. Colarossi, executed a lease for the premises located at 178 Turnpike Road in Westborough. The lease term was for a period of 5.5 years commencing on May 25, 1995; there was, therefore, a termination date of November 25, 2000.
Unbeknownst to McCarthy, on or about August 10, 1998, defendant Massachusetts Gymnastics Center of Westborough, Inc. (“Westborough”) was formed and assumed operation of the business at 178 Turnpike Road. The officers and employees of both corporations, Mass. Gym and Westborough, were identical. Sometime after its formation, Westborough began paying the rent for the leased premises. On or about April 30, 2000, defendants vacated the premises, ceased to pay rent, taxes, and operating charges and refused to restore the premises to its original condition, all in violation of the lease. McCarthy then filed this action.
DISCUSSION
Defendants’ Motion to Dismiss
Pursuant to'Mass.R.Civ.P. 12(b)(6), a court must dismiss a complaint for failure to state a claim where “it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). The court will, however, accept as true the well-pleaded factual allegations of the complaint, as well as any inferences that can be drawn therefrom in the plaintiffs favor. Eyal v. The Helen Broadcasting Company, 411 Mass. 426, 429 (1991). Thus, a court should permit a plaintiff to prevail over a motion to dismiss “unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claim.” Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998).
Although Mass. Gym is the sole lessee in this action, McCarthy alleges that Westborough assumed liability under the lease by paying rent and “otherwise dealing with the landlord.” McCarthy’s conclusion of law, however, is incorrect. Even assuming McCarthy’s factual allegations to be true, Westborough did not thereby assume any obligations under the lease. See Ames v. Ames, 335 Mass. 511, 513 (1957); Lennox v. Haskell, 253 Mass. 334, 339 (1925); Ahmed and Cesare, Inc. v. Watertown Arsenal Associates, 29 Mass.App.Ct. 923, 925 (1990). Under the circumstances at bar, Westborough is merely a tenant at will. See Ahmed and Cesare, 29 Mass.App.Ct. at 925; Tage II Corporation v. Ducas (U.S.) Realty Corp., 17 Mass.App.Ct. 664, 667 (1984). Accordingly, because Westborough is liable, if at all, as a tenant at will, Counts I-V, which allege violations of the lease, must be dismissed as to Westborough. Those counts, however, are still viable against defendant Massachusetts Gymnastics Center, Inc., the lessee of the premises.
Count VI, which asserts a violation of G.L.c. 93A (the Massachusetts Consumer Protection statute), is dismissed as to all defendants. The unfair and deceptive conduct alleged by McCarthy (to wit, defendants’ assigning the lease without her consent, vacating the premises prior to the expiration of the lease, failing to pay rent, operating charges and taxes and failing to restore the premises to its former condition) is conduct amounting only to a simple breach of the lease by defendants and thus is not an appropriate ground for imposing c. 93A liability. See Atkinson v. Rosenthal, 33 Mass.App.Ct. 219, 226 (1992) (“[Fjailure to perform obligations under a written lease, even [if] deliberate and for reasons of self-interest, does not present an occasion for invocation of c. 93A remedies”).
Plaintiffs Motion for Preliminary Injunction
McCarthy seeks to restrain defendants, pursuant to Mass.R.Civ.P. 65(b), from transferring, selling or conveying any financial accounts, assets and/or property owned or controlled by defendants. Equitable relief in favor of McCarthy is, however, not appropriate in the present circumstances.
When evaluating an application for a preliminary injunction, the court first looks to the moving party’s claim of injury and its chances of success on the merits; thereafter, the court will determine whether or not its omission to grant the injunction would create a greater risk of irreparable harm to the moving party than would be visited upon the opposing party should the injunction be granted. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617-18 (1980). In this case, McCarthy has failed to establish either element.
First, McCarthy’s complaint and affidavit allege that, under the terms of the lease, defendants owe her in excess of $45,000. Although it is evident that a lease exists between McCarthy and Mass. Gym, the matters presented to this court suggest issues which plaintiff does not address, but which might prevent her from prevailing on the merits. For example, defendants contend, and a cursory reading of the lease indicates, that there is a dispute as to the exact lease term; the duration of the leasehold might affect the amount, if any, of monies owed. Defendants further allege that their security deposit satisfied one month’s rent and that any remaining rent owed was paid. In light of this, the court concludes that McCarthy, at this concededly early stage of the litigation, has failed to establish sufficiently her likelihood of success on the merits.
McCarthy has also failed to establish that she will suffer any irreparable harm without the injunction. She alleges that defendants are attempting to “wind down” Mass. Gym and impede her ability to obtain payment of their debts. In support of that allegation, McCarthy attaches a September 17, 2000 Boston Globe article regarding USA Gymnastics. There is nothing in that article, however, which lends compelling support to plaintiffs allegation. McCarthy has failed to show that she will be irreparably harmed if the injunction is denied.
*386 ORDER
For the foregoing reasons, defendants’ motion to dismiss plaintiffs complaint (Counts I-V) is ALLOWED as to defendant Massachusetts Gymnastics Center of Westborough, Inc. a/k/a Mass -Gym Center of Westboro a/k/a Mass Gym Center of Westboro, I, but is DENIED as to defendant Massachusetts Gymnastic Center, Inc. a/k/a Mass Gymnastics Center, Inc. Defendants’ motion to dismiss Count VI is ALLOWED as to all defendants. Plaintiffs motion for preliminary injunction is DENIED.